## WALLACE v. WALLACE.

Where a motion to vacate a decree was heard on affidavit by a judge other than the judge who entered the decree, the Supreme Court is not bound by the findings made on such motion, but will itself weigh the evidence.

*If a divorce decree was res judicata as to the facts affecting the rights of the parties as such facts existed at the time of and prior to the decree, where the court found upon granting the decree that plaintiff had conducted herself as a faithful wife, defendant cannot claim, upon a subsequent motion to vacate the decree as it related to the custody of the child, that the original finding was not true, in that plaintiff had sustained meretricious relations with her present husband.*

*The rights of the parents are subservient to those of the child, in determining in whose custody it should be given, and the court properly awarded the custody of a seven-year old female child to one of the parents for the entire school year, so as not to interfere with her education, instead of awarding its custody to each of the parents for an equal length of time; the mother living in one state and the father living in another state.*

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by Louise Tuttle Wallace against William G. Wallace, in which a divorce was granted to plaintiff. From an order awarding custody of a child, defendant appeals. Affirmed.

*Charles M. Stevens,* for appellant. *A. W. Campbell,* for respondent.

WHITING, P. J. This is an action for divorce brought in June, 1908, in Brown county. The defendant appeared by counsel, waived answer or demurrer, and consented that the cause might be submitted to the court on two days' notice. It was so submitted in July, 1908; the defendant appearing at the hearing by the counsel by whom he is now represented in this court. The trial court, Judge McCoy presiding, made findings of fact to the effect: That the parties were married in the year 1900; that they had, as issue of such marriage, one child, a girl, Elizabeth Wallace, aged six years; that defendant had been guilty of extreme cruelty toward plaintiff, causing grievous mental and bodily suffering; that in 1905 defendant willfully deserted and abandoned plaintiff; that for more than one year prior to such action defendant had neglected to provide plaintiff with the common necessaries of life, though able so to do; that plaintiff had always conducted herself towards the defendant as a good and faithful wife; and that the

wrongful conduct of defendant has been without justification or excuse. As a conclusion of law the court found that plaintiff was entitled to a decree of divorce. The findings and conclusions were entirely silent as to whether either of the parties were fit to have the custody of the child or as to who should have such custody. The decree, however, provided that the custody of the child should be divided, each parent to have such custody six months in the year, and the provisions of the decree relating to custody of the child were to continue "so long as said child remains of tender years or until the remarriage of either party to this action."

In May, 1909, defendant moved the court that granted the divorce, Judge McNulty then presiding, for an order vacating and modifying the above decree, so far as it related to the custody of the child, and granting the sole custody of the child to the defendant; said motion reciting: "That since the entry of said judgment, said plaintiff has married, and that said judgment does not make provision for her having the custody and possession of said child after her marriage, and that it is for the best interests of the child that the defendant should have the sole and exclusive possession and custody of her." This motion was supported and resisted by a large number of affidavits, there being no oral testimony received, and in June, 1909, the court made its order herein by which the provisions of the decree so far as they related to custody of the child were vacated, wherein it was recited: "That it is for the best interests and for the welfare of said minor child, Elizabeth Wallace, that she remain in the custody of one of the parties to said action the school year, so as not to interfere with her education, and it is now—" and by which order the custody of the child was given to the plaintiff during the nine months from September 1st to June 1st and to the father during the balance of each year. From this order the defendant has appealed and presents the following assignment of error: "And the appellant herein says that there is manifest error on the face of the record, in that the order and decision of the court upon said motion is not sustained by the evidence and is contrary thereto, in the following particulars: The court by its judgment of divorce in said cause in

effect adjudged and determined that the defendant was a fit and proper person to have the care and custody of his child for at least one-half of the time even during her tender years, and that the plaintiff was entitled to her custody and possession for only one-half of the time, while the evidence upon the motion establishes the fact that the plaintiff has since the judgment married the destroyer of the home of these parties and will take the child into such new home, and the child will be subjected to his baneful influence."

Appellant contends that, inasmuch as no oral evidence was offered upon the motion which was heard by a judge other than the original trial judge, "the court should review and weigh the evidence the same as if it were an original case before it, and no especial weight should be given to the findings and decision of the lower court. This court is not bound by the finding and decision of the lower court." Appellant is right in such contention; the principle involved having been recognized by this court in Sands v. Cruikshank, 15 S. D. 146, 87 N. W. 589; Tyler v. Haggart, 19 S. D. 167, 102 N. W. 682.

The appellant further contends: "In cases like the one at bar, the established rule of law is that the court will not modify or change its original decree unless it is shown that there has been a material change in the circumstances of the parties affecting the welfare of the child, or some material facts are disclosed which were unknown at the time the decree was rendered, or could not have been ascertained with the use of reasonable diligence, and then only to the extent and in the respect warranted by such changes. This rule is based upon the fundamental doctrine that, when a matter has been once litigated and has passed into a judgment, it is res adjudicata and is not open to be relitigated on the same facts, except upon a new trial or appeal." Appellant claims that, under the above rule, the fact that the father is a proper party to have custody of the child for at least one-half of the time has been adjudicated, and no changed conditions have been shown justifying taking the custody of the child away from the father for any greater part of the time than provided in the original decree.

Conceding the ordinary rule to be as above claimed, yet the reason for such rule loses much force when applied to the facts as they clearly appear by the record herein. As before noted, the findings of the judge who heard the divorce case were entirely silent as to custody of child and fitness of parties to have such custody; and in view of the fact that the child was a girl of but six years of age, and the mother was given a divorce upon grounds of cruelty, desertion, and nonsupport, the query would naturally arise as to why the custody of such child was not granted solely to the mother. The reason for such ruling by the trial court becomes apparent from the affidavits submitted upon the motion in the lower court, from which it is seen that the parties had agreed that the custody of the child be equally divided between the parents in case divorce was granted. But regardless of the fact of such agreement—which agreement was undoubtedly brought to the attention of the court and acted upon—even treating the original decree as final upon the question of the fitness of the parties to share in the custody of the child, we will examine the matters submitted to the court by the appellant in the affidavits offered by him in support of his motion. It will be noted that the sole ground for such motion, as stated in the notice, was "that it is for the best interests of the child," and the only change in the situation noted being that the "plaintiff has married," which fact was not noted as any reason for a change as to order of custody, but referred to simply in connection with the claim that the decree "does not make provision for her having custody and possession of the child after her marriage." There was no allegation that the plaintiff was even an unfit person to have such custody, or that there had been any change in the conditions surrounding the child owing to such marriage, such as rendered the home of the mother an unfit place for the rearing of this child. Regardless of the fact that the grounds of the motion as set forth gave no reason whatsoever why it was for the interests of the child that the motion be granted, the defendant submitted to the court a mass of affidavits setting forth facts which, if true, would tend to show: That the father was the party entitled to a decree of divorce; that for a long time

prior to the divorce proceedings, and with the knowledge of defendant, the plaintiff had sustained illicit relations with the man whose wife she now is, and was, at the time the divorce was granted, wholly unfit to have the custody of this child.

Defendant now contends that the decree of the trial court is res judicata as to both parties' fitness as custodians of the child at the date of the decree, and, moreover, as claimed by plaintiff's counsel, if plaintiff, while sustaining illicit relations with her present husband before her marriage to him, was a fit person to have the custody of such child, she is certianly fully as fit after her relations to such person have become legitimate. Defendant also attempted to show that the physical condition of the child was much better when she was under his care. The claim of unfitness of the mother to be the custodian, and that the physical well-being of the child demands that the defendant have her custody, seem now to be abandoned, except only as the alleged wrongdoing on the part of the wife may tend to show that her present husband was "the destroyer of the home of these parties," and that the mother "will take the child into such new home, and the child will be subjected to his baneful influences"—being the only matters relied upon in the assignment of error. All accusations made by the defendant against the plaintiff or her present husband were fully met and answered by the affidavits submitted by plaintiff. The trial court at the time of granting the original decree found as one of its findings: "That the plaintiff has at all times conducted herself toward the defendant as a good and faithful wife." Under the very rule so strenuously contended for, that such decree is res judicata as to the facts as they existed at the time of and prior to such decree, then defendant cannot be heard to claim that such finding is untrue, and, if such finding was true, the plaintiff was not guilty of misconduct with her present husband—if she were not guilty, he was not. There is no claim whatever of any wrongdoing of the present husband other than that claimed in his relations to the plaintiff prior to the divorce, and, outside of his relations toward plaintiff, there is no attempt to impeach either his reputation or character. We believe the lower court was fully

justified in finding that the present home of plaintiff was a fit place for the care and custody of this child.

This leaves but one question, and that whether, considering both parties proper parties to have the custody of such child, the court was right in holding that it was to the best interests of the child to remain with one parent during the whole school year, so as not to interfere with her education. Such child was past seven years of age. Certainly the time had come when it should attend school, and it takes no argument to show that the child would be greatly handicapped if part of the school year was spent in the schools of New Jersey (the home of the mother) and the remainder in the schools of Illinois (the home of the father). The rights of either or both parents are subservient to those of the child. It therefore became the duty of the trial court to choose between two parents, both of whom he found fit to care for this child, and designate which should have the child for the nine school months and which for the other three, and, under the record as it had been made by the parties hereto and appeared before such court, it could not have said that this girl of seven years of age was better off with the father than with the mother.

The order appealed from is affirmed.