HESNARD, Appellant, v. HESNARD, Respondent.

(187 N. W. 162.)

(File No. 4922. Opinion filed March 10, 1922.)

1. **Divorce—Alimony, Suit Money, Attorneys' Fees—Question On Appeal—Trial Court's Better Position to Determine on Rendition of Judgment, Whether Allowance Excessive.**

Pending determination of merits on appeal from an order allowing $100. per month temporary alimony for plaintiff's

maintenance, $100. for suit money, and $400. for attorneys' fees, **held**, that Court can not conclude from evidence that said allowances are so excessive as to be now cut down; these being matters trial court can adjust on rendition of judgment, through examination of witnesses.

**2.    Same—Alimony—Evidence Re Wife's Property, Income—Alimony Allowance Sustained.**

Evidence showing plaintiff wife owning one-third interest in an estate whose income does not exceed $700.; $2000. as savings by former husband; a town lot costing $300., and two houses whose rental is $30. per month; while defendant's worth is from $30,000. to $75,000; **held**, trial court properly allowed $100. per month alimony.

Appeal from Circuit Court, Fall River County.    Hon. WALTER G. MISER, Judge.

Action by Caroline Hesnard, against Frank P. Hesnard, for a decree of divorce. From an order allowing temporary alimony, suit money and attorneys' fees, defendant appeals. Affirmed.

*Eben W. Martin,* and *Norman T. Mason,* for Appellant.

*Helm & Lewis,* for Respondent.

(2) To point two of the opinion, Appellant cited: Code 1919, Sec. 163; Bailey v. Bailey (N. D.) 134 N. W. 747; Arnold v. Arnold, (Mo.) 222 S. W. 996.

Respondent cited: Stiehm v. Stiehm (Minn.) 72 N. W. 709; Potts v. Potts (Mich.) 36 N. W. 240.

GATES, P. J. This is an appeal by defendant from an order of the trial court granting plaintiff temporary alimony pending the trial of an action for divorce pursuant to the provisions of section 163, Rev. Code 1919. The trial court ordered defendant to pay plaintiff $100 per month for her maintenance, the sum of $100 for suit money, and the sum of $400 for her attorneys' fees. The sums allowed by the order are complained of as being excessive, and also because it is asserted that respondent is possessed of ample means for her support and the prosecution of the action. As incidental to the situation, we may observe that the above order was stayed pursuant to the appeal, and on November 15, 1921, this court granted respondent an allowance of $75 per month pending the appeal, and the sum of $100 suit money and attorney's fees on this appeal.

[1] We are not able to conclude that the allowance of $100 per month for respondent's maintenance is so excessive that it

should be cut down at this time, nor can we foresee at this time that the sum of $100 suit money and the sum of $400 attorney's fees will be excessive.  These are matters that the trial court can adjust upon the rendition of judgment if, after the trial is ended, it is of the opinion that too liberal allowances have been made. A much more satisfactory determination of these matters can be reached through the examination of witnesses in court than can be reached from affidavits.  Upon the record we cannot now say that the size of the alowances evinces an abuse of the discretion vested in the trial court.

[2]  The record shows that respondent is the owner of a one-third interest in the estate of her first husband, the gross annual income of the whole of which estate does not exceed the sum of $700; that out of the joint savings of herself and the children by her former husband there have been accumulated about $2,000 in money, an unimproved lot in Rapid City, for which they paid $300, and two houses in Hot Springs which bring in a gross rental of $15 each per month.  The record shows appellant's worth to be from $30,000 to $75,000.  Upon this showing we do not think the court erred in requiring the payment of alimony by appellant even if all of the joint accumulations of respondent and her children had belonged exclusively to her.

The order appealed from is affirmed.