## HAYS v. HAYS.
### No. 3793.

Court of Civil Appeals of Texas. El Paso.
Jan. 12, 1939.

E. L. Davis, of Harlingen, for appellant.
Myrick & Johnson, of Harlingen, for appellee.

HIGGINS, Justice.

The appellee brought this suit against the appellant for a divorce. She alleged they were married March 23, 1930, and lived together at intervals as husband and wife until on or about May 11, 1937, when by reason of the defendant's cruel treatment she was compelled to permanently abandon him, and since that date they had not lived together as husband and wife. In addition to her prayer for divorce she asked she be awarded the custody of their child, a son about four years old, and the injunction theretofore issued in the case be perpetuated.

Among other matters the defendant in condonation pleaded that about four months after December 22, 1935, the plaintiff returned to him and lived with him until their last separation.

Upon special issues the jury found (1) that subsequent to December 22, 1935, defendant had been guilty of excesses, cruel treatment or outrages towards the plaintiff; (2) such treatment was of such nature as to render insupportable the plaintiff living together with the defendant.

Judgment was rendered in favor of the plaintiff for divorce and custody of the

child. The defendant was ordered to contribute to the plaintiff $35 a month for the care, support and education of the child, and the injunction theretofore issued was perpetuated, whereby the defendant was restrained from molesting plaintiff, her child, or her parents, and from interfering with the plaintiff in her work and custody of the child in any way or manner.

■ Appellant's first proposition is to the effect that appellee did not prove by full and satisfactory evidence that her husband was guilty of such excesses, cruel treatment and outrages subsequent to the date of their reconciliation and her condonation of his prior conduct as would render her living with him insupportable. The proposition is predicated upon the theory that since there was a reconciliation between the parties and the plaintiff for about four months after December 22, 1935, lived with defendant for a time after such reconciliation, it was necessary for the plaintiff to prove excesses, cruel treatment and outrages subsequent to the reconciliation and prior to the final separation. The evidence in this case supports the view that the conduct of the defendant after the reconciliation was of such nature as to revive the antecedent acts and conduct theretofore condoned. In this connection we quote from Tinnon v. Tinnon, Tex.Civ. App., 278 S.W. 288, 290: "It is true that appellant did condone said acts and conduct of appellee, and that he was not thereafter guilty of acts or conduct which, within themselves, amounted to excesses, cruel treatment, or outrages towards the appellant of such a nature as to render their living together insupportable, however, he was guilty of such conduct immediately preceding appellant's separation from him sufficient to revive, and which did revive, all of the acts and conduct of appellee that had theretofore been condoned, which thereby became grounds for the granting of the divorce sought. This, upon the ground that any condonation by appellant of appellee's cruelty was on the implied, if not express, condition of his treating her in the future with conjugal kindness, and that the breach of this condition was sufficient to revive her right to maintain the suit based upon the original offenses."

In 15 Tex.Jur., title Divorce and Separation, Sec. 49, the rule is stated as follows:

■ "It is not necessary that the husband's subsequent conduct shall be sufficient to authorize a divorce in itself or to render living together insupportable; it may fall short of that character and yet be sufficient to revive the condoned acts. The disregard by one spouse of his or her promises which induced the condonation results in a revival of the act condoned, and constitutes a breach of the condition upon which the forgiveness rests. The injured party must be treated with conjugal kindness and consideration in the future, or the former acts of cruelty are revived." See, also, McLemore v. McLemore, Tex. Civ.App., 285 S.W. 693, and Rauch v. Rauch, Tex.Civ.App., 237 S.W. 334.

■ Complaint is made of the exclusion of evidence that Mrs. Hays had been twice divorced. This evidence was wholly immaterial and was properly excluded.

■ The defendant testified he was then operating a small plumbing business; that he was doing it very successfully, and believed he could furnish Mrs. Hays and the child a comfortable place to live and buy them clothes and groceries. In view of this testimony by the defendant himself this Court would not be justified in reducing the amount the court ordered the defendant to pay for the support and maintenance of his child. Especially is this true in view of the fact that this is a matter resting within the future control of the court, and if it should later develop the defendant is not able to pay that much, he has the right to apply for a modification of the decree in this respect.

■ The failure of the court in its decree to provide appellant reasonable opportunity to see his child and for access to it presents no error. He has that right independent of the decree of the court. The injunction does not undertake to prohibit him from seeing the child or having access to it in a reasonable manner. This, too, is a matter within the continuing control of the court below, and if Mrs. Hays should wrongfully deny defendant the right of access to his child and to see it, the court will have the authority upon proper application to require Mrs. Hays to respect the defendant's right in such matter.

Affirmed.