**FELKER v. FELKER.**

No. 14027.

Court of Civil Appeals of Texas. Dallas.

Dec. 10, 1948.

Rehearing Denied Jan. 14, 1949.

Chas. S. McCombs and Andress & Ramsey, all of Dallas, for appellant.

James J. Collins, of Dallas, for appellee.

LOONEY, Justice.

Katherine Inez Felker, appellant, and the appellee, Charles Alton Felker, Jr., were divorced by decree of a District Court of Dallas County, on November 14, 1947, and the custody of their two minor daughters, Kay Allen, age six, and Suzan Gay, age five, was awarded to the mother. This is an application filed in June, 1948, by the father for the right and privilege to visit and have his daughters with him at such reasonable times as the court may decide. After a somewhat lengthy hearing, the court granted appellee the relief sought; that is, the privilege of visiting and being with his daughters at reasonable times, removed from the personal presence of their mother, on the last Saturday of each month, between the hours of 9:00 a. m. and 6:00 p. m., at which time the children are to be returned to their mother; to which

judgment the appellant excepted, gave notice of and perfected this appeal.

At appellant's request, the court filed findings and conclusions, among others, the following: "7. I find that following their separation, and for some time subsequent to the entering of the judgment of divorce, the mother permitted the father to freely visit and have the children with him at the home of the father's parents and at other places and there was no complaint of any mistreatment of them by him. 8. I find that about the time the father became unable to pay One Hundred and Twenty-five Dollars ($125.00) per month for child support and remarried, that the mother of the children began to find excuses why he should not be permitted to see and have them visit with him and did in fact, refuse and has continued to refuse to let him see them except in her presence and then for only a short period of time. 9. I find the father has a good reputation, is of good moral character, is a hard worker and fond of his children, and that there is no evidence of any ill treatment of the children by him." "Conclusion of Law. 1. I conclude as a matter of law that a substantial and material change in conditions in regard to the custody of the children has taken place since November 14th, 1947 and that it would be to the best interest of said children to modify the judgment of November 14th, 1947 as ordered on this hearing."

These findings, in our opinion, are abundantly sustained by evidence, and are approved and adopted as our findings on the issue involved.

The record discloses that when appellant filed suit for divorce against the appellee, he signed the usual waiver and acceptance of service, but was not present at the trial of the case, filed no pleading therein, and asked for no relief, with the result that the court granted appellant the relief sought; that is, a divorce and the custody of the two girls; but the right and privilege of appellee to visit and be with the children at reasonable times was not presented to the court as an issue, nor was the question adjudicated.

Appellant urges two points of error; First, the contention is made that the court was without jurisdiction, in that appellee failed to allege that conditions had materially changed since the divorce and custody decree was rendered; nor was it shown that the welfare of the children required any modification of the original decree. In the second point, appellant asserts that the trial court did not find or the evidence show such a change of conditions after the original decree was rendered as would authorize the rendition of the judgment appealed from.

In a child custody proceeding such as the one we have before us, the technical rules of practice and pleading are not applied as in ordinary cases; hence we are of opinion that the pleadings filed by appellee were sufficient to admit the evidence introduced and that same warranted the relief granted. Appellant, in our opinion, is in error in stating that "The trial court did not find as a fact that any changed conditions existed and there was no evidence thereof", as it appears from the findings of the court, paragraph seven heretofore set out, that following the separation and for some time subsequent to entry of the divorce judgment, appellant permitted appellee to freely visit and have the children with him at the home of the father's parents and at other places, and that there was no complaint of any mistreatment of them by him; and in paragraph eight the court found that, about the time the father became unable to pay $125 per month for child support, and remarried, the appellant (mother of the children) began to find excuses why appellee should not be permitted to see and have the children with him; and did in fact refuse and has continued to refuse to let him see them except in appellant's presence, and then for only a short period of time. This, in our opinion, constituted a material and radical change in conditions since the rendition of the decree. The findings also disclose the evidence and reason for the changed attitude of the appellant. So, we think it incorrect to say that the court did not find, and that the evidence did not show

a material change after the divorce decree was rendered, such as would authorize rendition of the judgment appealed from.

■ Appellant seems to rely exclusively upon the well settled doctrine that before a judgment awarding custody of a child or children may be changed in a subsequent action, it must be shown that conditions had materially changed after rendition of the original decree, of such a nature that the welfare of the child or children required a change or modification of the decree. The trial court also seems to have proceeded on that theory and made findings accordingly. However we do not think this doctrine applicable to, or controls the instant case. This, in our opinion, was not a proceeding to change the custody of the children, but simply an application by appellee for the right to visit and have the children with him under such circumstances and reasonable conditions and times as the court might determine. But even if, as contended, the doctrine should be held applicable here, the facts and findings of the court heretofore set out in our opinion bring the case clearly within the meaning and scope of the doctrine.

■ As heretofore stated, we do not think that doctrine rules the instant case. Although the right of appellee to visit and be with his children was neither presented, mentioned, nor adjudicated when the original divorce and custody decree was rendered, the decree did not prejudice his right to visit and be with his children; and this privilege having been denied by his former wife, appellee had the right to apply to the court below, in manner and form as he did, for the right and privilege to visit and be with his children.

■ The fundamental or natural right of a parent, not morally unfit, as in the case at bar, to visit and be with his children, notwithstanding the judgment awarding custody, seems to be well settled by the decisions of our courts. In the case of Liddell v. Liddell, Tex.Civ.App., 29 S.W. 2d 868, the court, among other things, said: "We conclude, however, that the order of the court which in effect excludes appellant from contact with his son is clearly erroneous. That appellant has a deep and

proper affection for his son, that he will not consciously injure or neglect him in his person or morals or cultural development, is clearly apparent from the record. This court does not believe that the custody of a child of tender years should be so parceled out as to divide the general authority thereover, but the privilege of frequent and periodical visits with their child should never be denied either parent, except in extreme cases of unfitness, and certainly this case presents no such exception." See 29 S.W.2d at page 871, first column. A case directly in point is that of Johnson v. Campbell, Tex.Civ.App., 107 S.W.2d 1111, where the court said: "By argument, appellants complain that Mrs. Johnson, the mother of the child, was not allowed, by the trial court, to visit the child. The only question before the trial court and this court was the permanent custody of the child, and our affirmance of the decree of the trial court is, of course, without prejudice to appellants' right to apply to the trial court, or any other district court having jurisdiction, asking for the right to visit the child at such reasonable times as the trial court may determine." See last paragraph opinion, 107 S.W.2d at page 1113.

To the same effect, in Hays v. Hays, Tex.Civ.App., 123 S.W.2d 968, 969, the court said: "The failure of the court in its decree to provide appellant reasonable opportunity to see his child and for access to it presents no error. He has that right independent of the decree of the court. The injunction does not undertake to prohibit him from seeing the child or having access to it in a reasonable manner. This, too, is a matter within the continuing control of the court below, and if Mrs. Hays should wrongfully deny defendant the right of access to his child and to see it, the court will have the authority upon proper application to require Mrs. Hays to respect the defendant's right in such matter." See last paragraph opinion, 123 S.W.2d at page 969. And in the recent case of Penn v. Abell, Tex.Civ. App., 173 S.W.2d 483, the court said: "Finally, appellants assert that the judgment is erroneous because it denies to Mrs. Penn the right of visitation of the

child Duane. The judgment denies all relief not specifically granted. But since the right of visitation of this child was not sought by Mrs. Penn, the judgment does not deny her such right. Independent of the judgment, she has the right to see the child at all reasonable times and in a reasonable manner. Hays v. Hays, Tex.Civ. App., 123 S.W.2d 968, 969." See bottom first column, top second column, 173 S.W. 2d at page 490.

These authorities, in our opinion, affirm the doctrine that, unless disqualified by reason of unfitness or immorality, either parent has the natural right and should be accorded the privilege of visiting his or her child whose custody has been awarded to another; that the decree awarding such custody does not prejudice the assertion of this right by a parent in an application to any court of competent jurisdiction; nor, in our opinion, does such application have to be based upon changed conditions occurring since the entry of the decree awarding custody.

The trial court found and the evidence, in our opinion, supports the finding that appellee is an honest, hard-working man of good reputation and good moral character; the evidence further shows that he is devoted to his children and has been sorely grieved because of the belligerent attitude of his former wife who refuses to permit him to see his children except on infrequent occasions, and then only for a few minutes at a time, and in her presence. The privilege granted him by the court to have the children apart from his former wife's restraining and unwelcome presence, for only one day out of each month, from 9:00 a. m. to 6:00 p. m., is rather a poor privilege; but, even so, not only will be gratifying to appellee, but, in our opinion, wholesome and beneficial to the children, as it will tend to keep alive in their minds and hearts a knowledge of and an affection for their father, as we do not think it for the best interest or welfare of these little girls that they be isolated from their father and permitted to grow up without knowledge of or affection for him. We therefore approve the judgment of the court below and same is affirmed.