MURPHY, Appellant, v. MURPHY, Respondent

(39 N. W.2d 665)

(File No. 9065. Opinion filed November 14, 1949)

Roy A. Nord, Madison, for Appellant.

Doyle & Mahoney, Eugene C. Mahoney, Sioux Falls, for Respondent.

SMITH, P. J.   An order was entered in this divorce action directing the husband to pay to the wife the sum of $500 to be applied on the fees of her counsel.   The husband's petition for the allowance of an appeal, filed pursuant to SDC 33.0704, was granted.   Thereupon the wife petitioned this court for the allowance of an additional amount to cover her counsel fees and expenses in this court.   It is the contention of the husband that the wife is possessed of ample means with which to defray the expenses incident to her defense of the action, and hence that the trial court is guilty of an abuse of discretion and an allowance here is not justified.

The parties were married in 1941 and are without children.   In December 1945 they entered into a separation agreement pursuant to which the husband transferred to her property then valued at about $24,000, approximately one-half of which was in cash.   Among other things that agreement provided the wife releases the husband "of any and all claims of alimony or support of any kind whatever, it being her desire and wish that on account of their unhappy relationship she should not feel under any financial obligations to the first party, or allow financial considerations to enter into her determination to sever the said marital relationship."   This agreement was drafted by the able counsel who represented the wife in arranging for the separation.   In October 1948 the husband commenced this action for divorce.   The wife served an answer which in substance constitutes a general denial. Thereupon she made application for temporary alimony to enable her to support herself and to defend the action.   The record before the trial court revealed that:   the defendant is 36 years old and in good health; she retains the property transferred to her by the husband in connection with the separation agreement and the real estate has enhanced in value; and she has an annual income from her property and regular employment of $3600.   The husband swore that the property transferred to the wife constituted more than half of his then worth and that he now has property worth approximately $45,000.   The wife, without listing or identifying any property, swore that he has property worth

$225,000, all of which was accumulated through their joint efforts.

The trial court denied the wife alimony for her support while the action is pending, but directed the husband to pay her $500 to apply on her counsel fees.

■ The controlling statute reads: "While an action for divorce is pending, the court may in its discretion require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action." SDC 14.0725.

In dealing with this statute in Murphy v. Murphy, 56 S.D. 355, 228 N.W. 464, 465, this court wrote: "Under this section of our Code, the allowance of any sum is discretionary with the court; if allowed it is alimony, and must be necessary to enable the wife to prosecute or defend the action." And in that case it was further written: "Alimony pendente lite is of the same character, although, because of its allowance before the fault of the husband can be judicially determined, it is limited to the necessity therefor, to be allowed or refused within the sound judicial discretion of the trial court." And in that case, this court quoted with approval from Westerfield v. Westerfield, 36 N.J.Eq. 195, 9 Stew. 195, 197, as follows: "An application for alimony pendente lite stands now solely on the grounds of necessity. * * * The fact that a wife is destitute of means to carry on her suit, and to support herself during its pendency, is as essential as any other fact, to authorize the court to award temporary alimony."

In support of the ruling of the trial court, the wife cites Hesnard v. Hesnard, 45 S.D. 285, 187 N.W. 162, and the cases cited to support the text of 27 C.J.S., Divorce, § 208, p. 898, reading as follows: "Temporary alimony will not be denied because the wife possesses a separate estate where the income therefrom is not sufficient for her support, and she need not resort to the corpus of her estate before calling on that of the husband." And see 27 C.J.S., Divorce, § 222, p. 925.

In Hesnard v. Hesnard, supra, in approving an allowance pendente lite of $400 counsel fees, $100 suit money and

maintenance of $100 per month, this court said, "The record shows that respondent is the owner of a one-third interest in the estate of her first husband, the gross annual income of the whole of which estate does not exceed the sum of $700; that out of the joint savings of herself and the children by her former husband there have been accumulated about $2,000 in money, an unimproved lot in Rapid City, for which they paid $300, and two houses in Hot Springs which bring in a gross rental of $15 each per month. The record shows appellant's worth to be from $30,000 to $75,000. Upon this showing we do not think the court erred in requiring the . payment of alimony by appellant even if all of the joint accumulations of respondent and her children had belonged exclusively to her."

██ The statute SDC 14.0725, supra, grants and limits the power of our courts to award alimony to the wife during the pendency of an action for divorce. Warne v. Warne, 36 S.D. 573, 156 N.W. 60. As indicated by its plain words, whether a particular award is in fact necessary to enable the wife to support herself or to prosecute or defend the actions is the statutory test of its property. That which is reasonably necessary will appear from an examination of the circumstances of the wife. Of course, the amount of property possessed by the wife, its availability and the income she enjoys are prime factors to be considered. Reason impels the conclusion that within the meaning of the statute the corpus of her estate may render alimony pendente lite unnecessary. On the other hand, as indicated in Hesnard v. Hesnard, supra, even though a wife has a separate estate, and some income, her circumstances when viewed as a whole may render an allowance necessary within the sense that term is employed by the legislature.

██ The allowance under consideration was made to a wife who had recently received from her husband property of a value of $24,000 for the express purpose, among others, of providing her with "alimony * * * of any kind whatever." At the time the allowance and her circumstances were under consideration this wife was living in one side of a comfortable duplex she had received from the husband and was renting the other side. She possessed liquid assets of at

least $10,000, was in good health and regularly employed, and had a total annual income of $3600. In our opinion, reason will not support a conclusion that more is necessary during the pendency of this action to permit this wife to live according to the standard to which she is accustomed and to finance her defense.

The order of the trial court is reversed and an order will be entered denying the application for an allowance of alimony by this court.

All the Judges concur.