[No. 32172. Department One. February 24, 1953.]

PATRICIA MCMANUS SCHILLING, *Respondent,* v. KENNETH EDWIN SCHILLING, *Appellant.*[1]

*Minnick & Hahner* and *Ringhoffer & Ringhoffer,* for appellant.

*Arthur L. Hawman* (*Dixon & Burleigh,* of counsel), for respondent.

OLSON, J.—Defendant has appealed from a decree granting a divorce to both parties, lodging the custody of their only child with plaintiff, and settling their property rights.

[1]Reported in 253 P. (2d) 952.

■ Defendant's first contention is that he, rather than plaintiff, should have the custody of the child, a son ten years of age. Each case in which this issue is presented must be decided upon its own facts. The paramount concern of the court is for the welfare of the child. This consideration supersedes that accorded to a mother if she is shown to be so unfit and improper that her custody of a child will endanger his welfare. *Cooper v. Cooper*, 39 Wn. (2d) 786, 238 P. (2d) 1204 (1951), and cases cited. On appeal, the findings of fact made by the trial court are entitled to great weight, and its conclusions will not be disturbed unless an abuse of discretion patently appears.

■ Plaintiff conducted herself improperly with four men. The nature of her conduct with each of them need not be described. With all of them her relations were indiscreet. With one of them she went to Salt Lake City, Utah, and was gone from her home for several days. We agree with the trial court that her testimony of her good behavior on this venture is incredible. She has permitted these and other interests to become of more importance to her than the maintenance of her home and the care of her child. She found employment during her marriage and after her separation from defendant. This was not compelled by economic pressure and required defendant, and persons employed for the purpose, to attend to the home and the child. From all of the evidence, it is apparent that plaintiff is not stable or reliable and does not have a firm regard for her primary obligation, the care of her child. She is not a proper person to be his custodian, and the trial court abused its discretion when it found to the contrary.

The fitness of defendant to have the child was not in dispute, and he should be placed in his custody until further order of the trial court.

The defendant will have the primary responsibility for the training and education of this boy. It will be in the best interests of the child if his periods of visitation with plaintiff be limited to short intervals, so that the program for his consistent discipline and progress established by his cus-

todian will not be disturbed. The decree shall provide for only short visits with plaintiff during school vacations and not to exceed one weekend each month during the school year, until further order of the trial court. Defendant shall be ordered to pay the expenses incidental to those visits in such sum as the court shall determine is reasonable.

Defendant's claim that the court erred in granting a divorce to plaintiff is of no avail to him. He was granted a divorce from her, and she has not cross-appealed. The parties will remain divorced, regardless of our action upon this claim of error. Under these circumstances, we do not consider assignments of error directed to the decree granted to a respondent. *Merkel v. Merkel*, 39 Wn. (2d) 102, 103, 234 P. (2d) 857 (1951), and cases cited.

Defendant contends that a gift from his parents was his separate property and should be deducted from the value of the property to be divided between the parties. This argument may be answered by his own testimony that the gift was to both himself and plaintiff to assist them in obtaining a home. In any event, all of the property of the parties, both separate and community, is before the court for disposition in a divorce proceeding. RCW 26.08-.110 [Rem. Supp. 1949, § 997-11]. The division decreed in this case was just and equitable, having regard for the factors specified in the cited statute.

The decree is affirmed with the exception that its provisions pertaining to the custody of the child are reversed, and the cause is remanded for the entry of a decree consistent with this opinion in that regard. No costs shall be allowed to either party on this appeal.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.

April 20, 1953. Petition for rehearing denied.