HINES, Respondent v. HINES, Appellant

(104 N.W.2d 375)

(File No. 9777. Opinion filed August 8, 1960)

Rehearing denied September 22, 1960.

See opinion on page 502.

**Helm, Morman & Coacher,** Sturgis and **Charles R. Hayes,** Deadwood, for Defendant and Appellant.

**Whiting, Lynn, Freiberg & Shultz,** Rapid City, for Plaintiff and Respondent.

BIEGELMEIER, Judge. The summons served by plaintiff wife was for a divorce; her complaint prayed for separate maintenance, custody of the three minor children. support money and equitable relief. Defendant husband counterclaimed for divorce and that custody of the children be awarded to him. The action was vigorously contested, the proceedings and trial extensive; the record including the transcript of evidence and depositions covers over one thousand pages. The parties were married June 12, 1945. Four children

were born as the issue of the marriage, one died while an infant; the two daughters are now eleven and twelve years of age and the son six years of age. Plaintiff has a talent for and training in music; the defendant is a successful doctor of optometry and former president of its state association; they were highly regarded in their community and participants in its social life. The record shows a tangled panorama of events in the lives of these educated young people, with good family backgrounds and training, who were unable to meet the grief of the birth and loss of a retarded infant and to adjust to the differences of temperament and viewpoints of the other. What neither they nor their parents nor friends could solve was laid at the doorstep of the courts; how the trial court viewed it (as findings of fact did not detail) is shown by his opinion, which in part said:

"It seems to the Court that the undisputed course of marital misconduct on the part of the the plaintiff is certainly adequate grounds for awarding the defendant a divorce on the grounds of cruelty on his counterclaim. To enumerate the acts upon which this decision is based would serve no useful purpose in this opinion.

"The Court does not find from the evidence that plaintiff was an alcoholic, or even used intoxicating liquors to an excess as a general rule, although perhaps on occasional times she may have used them to excess. While the Court does not condone any of such excessive use, yet the Court has to be realistic enough to know that such things happen in the best of regulated families. The defendant was an abstainer and took a highly critical attitude towards the plaintiff because of her use of intoxicants and accused her of intoxication at times and on occasions when independent evidence of disinterested third parties indicated to the Court only harmless social indulgence. The Court acknowledges that on several occasions evidence, which she denied, indicated an excessive

use. Under our social system today the Court is is not inclined to charge her too heavily for that. Suffice it to say that the use of such intoxicants did not in any wise contribute on her part to destroy the marriage relations between the parties. They contributed only to passing moments of unharmonious relations between the parties from time to time which were as frequently patched up between them.

"The Court also finds from the evidence that the plaintiff is a good housekeeper, is able to and has been a good mother, and is raising the children properly; that they have been attending school and Sunday School regularly and successfully and are taking music lessons. In general, the children have been and are being raised according to the station in life of the parties to this action.

"The Court interviewed the two minor daughters of the parties and found them to be equal in their loyalty and devotion to their parents and willing to abide by whatever decision the Court might make with relation to their custody. Consequently, the decision of the Court on their custody is made without suggestion or request on their part. The Court found the two girls to be ladylike, well-appearing, polite, clean and in general first class examples of high class children. They told the court they were helping their mother with housework, had no objections to such work, that while they had stayed home alone at times they were not afraid, that they had baby sitters at other times and were getting along fine at home with their mother. They also love their father and if the Court so ordered would have no objection to making their home with him, although they wished to live with both as a family. They seem to sense that the latter condition could not be.

"The Court is bound in custody matters to determine what is for the best interests of the children. The wishes of the parents are always of secondary importance. * * * They (the children) should have all the comfort of both parties, and of their loving relatives. Consequently, they will have to have their custody shared by both parties as far as is practicable, with a give and take or cooperative attitude on the part of both parties."

The trial court entered findings of fact, conclusions of law and a judgment granting the defendant husband a divorce from the plaintiff on the grounds of extreme cruelty from which no appeal was taken. The judgment so far as material here also provided (1) that plaintiff have general custody of the children, subject to rights of visitation by defendant; (2) that defendant pay all plaintiff's outstanding bills for necessities and awarded her household furniture and equipment selected by her to furnish a modest home she may rent after leaving the family home and (3) that defendant pay plaintiff $325 per month for support of the children. The judgment also detailed other matters which are not pertinent to this appeal or carried out its terms. The defendant has appealed from the three parts of the judgment last mentioned.

By appropriate assignments of error defendant claims that plaintiff is not a fit and proper person to have the care, custody and control of the children and that it is for the best interests and welfare of such children that they be awarded to him.

■ The guides for the court's decision in these cases are well settled. SDC 14.0505 provides that in awarding custody of a minor the court is to be guided by the following considerations: (1) by what appears to be for the best interests of the child in respect for its temporal, mental and moral welfare, and (2) as between parents adversely claiming the custody, neither parent is entitled to it as a matter of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of

an age to require education and preparation for labor or business, then to the father. This court has said neither parent is entitled to the custody of the children as a matter of right; that the welfare of the children is of paramount consideration. Hoaas v. Hoaas, 75 S.D. 55, 59 N.W.2d 254. In these matters the trial court is vested with a large discretion, which this court has characterized as a "wide range of discretion" and a "broad discretion"; on appeal we may not interfere with the exercise thereof "until solemnly persuaded by the record that the (trial) court has abused the discretion with which it is clothed by the statute." Wellnitz v. Wellnitz, 71 S.D. 430, 25 N.W.2d 458, 459; Ulver v. Ulver, 76 S.D. 371, 78 N.W.2d 830. The court's "discretion" as to alimony was said to be a "sound judicial discretion" of the trial court, and it was reversed in Murphy v. Murphy, 73 S.D. 140, 39 N.W.2d 665, 666. Judge Campbell in Sioux Falls v. Marshall, 48 S.D. 378, 204 N.W. 999, 1002, 45 A.L.R. 447, describes it: " 'Discretion * * * is to a very great extent, regulated by usage or by principles, which courts have learned by experience will, when applied to the great majority of cases, best promote the ends of justice.' * * * '(it) is a legal discretion * * *.' " In a child custody case, the New York Court of Appeals said: "But that discretion is a judicial discretion, not an uncontrolled one, and its exercise must have sound and substantial basis in the testimony." Bunim v. Bunim, 298 N.Y. 391, 83 N.E.2d 848, 849.

■ The record has been read and parts of it reread and from it we are persuaded that the court abused a sound judicial discretion in awarding custody to plaintiff. It will be seen that the trial court awarded the husband the divorce on grounds of extreme cruelty. Part of the evidence was plaintiff's neglect of her children by staying away from home many nights; leaving them sometimes with and sometimes without baby sitters, when she would leave a note for them: deceiving her husband, and being untruthful to him as to where she had been; keeping company and clandestine rendezvous with other men, which marital misconduct will not here be set out in detail. These were either admitted or proven by almost conclusive evidence; all are such as should deny her claim of the

custody of these children. Braun v. Braun 31 Wash.2d 468, 197 P.2d 442; Schilling v. Schilling, 42 Wash.2d 105, 253 P2d 952; 2 Nelson, Divorce and Annulment, 2d Ed., § 15.06. In Schilling the child was a ten-year-old son; in Braun the two children were girls five and ten years old; in Bunim the children were two girls eleven and thirteen years old; in each, the trial court's award of custody to the wife was reversed by the appellate court under the abuse of discretion test. In the Bunim action, the court of appeals reversing two lower courts said "It cannot be that 'the best interests and welfare' of those impressionable teenage girls will be 'best served' by awarding their custody to one who proclaims, and lives by, such extraordinary ideas of right conduct." No decision of any court can restore this broken home or give these children what they need and have a right to—the care and protection of two dutiful parents; no court welcomes such problems or feels at ease in deciding them, yet a decision there must be and it must be in accord with normal concepts of social conduct. Bunim v. Bunim, supra.

The record does show that defendant admitted an act of similar misconduct several years before; his frank testimony, however, as to that and all his other testimony have the quality of honesty, fairness and sincerity. Weighed against this it appears her acts of misconduct and indiscretion covered a period of many months; they continued after this action was commenced and while she had the custody of these children under an order entered by the trial court during the pendency of the present action. This, with the vagueness of her testimony on some subjects, and her refusal to testify on others (Currin v. Currin, 125 Cal.App.2d 644, 271 P.2d 61) support the conclusion that the trial court abused his discretion in awarding their custody to the plaintiff. The court's finding and judgment in that respect was erroneous. In so concluding we repeat what Leedom, J., concurring in Hoaas v. Hoaas, supra, points out, this custody is still subject to the control of the court.

█ Defendant's second point is that the judgment is erroneous because it requires him to pay all outstanding bills for his wife's necessities and awarded her an amount of furniture both of which are indefinite to determine. The trial court's order of March 13, 1958 required defendant to make payment to plaintiff for her support and support and maintenance of the children in the amount fixed by that court during the pendency of the action; defendant should not be held liable for any "necessaries" purchased by the wife for her support after that date and any prior items should have been made definite.

█ The division of furniture and the children's support money decree was made by reason of the custody of the children being awarded to the plaintiff and on the assumption that they would remain in her custody. As that is reversed, the reasons for this, that is the giving her a choice of the furniture and other household equipment and payment to her of support money for the children, likewise falls. Accordingly, that part of the judgment appealed from is reversed and the cause remanded to the circuit court for retrial upon the present record and such supplemental evidence as may be submitted. Custody of the children will remain in plaintiff under the terms of the March 13, 1958 order until the further order or judgment of the circuit court. The record further shows that attorneys fees have been fixed and allowed plaintiff's attorneys for services and court costs at the trial and on appeal; no costs are to be taxed or allowed on this appeal for either party, and no further attorneys fees are to be allowed for such services.

All the Judges concur.