KRUEGER, Respondent v. STEVENS, Appellant

(244 N.W.2d 763)

(File No. 11697. Opinion filed August 19, 1976)

**Richard O. Gregerson**, of **Woods, Fuller, Shultz & Smith**, Sioux Falls, for plaintiff and respondent.

**Parnell J. Donohue**, Sioux Falls, for defendant and appellant.

WOLLMAN, Justice.

This is an appeal from an order denying defendant's petition for change of custody of her minor children. We affirm.

The parties were married in 1965 and resided in the city of Sioux Falls. Two sons were born during the marriage. Defendant began seeing another man sometime in 1973. Plaintiff commenced divorce proceedings and was granted a divorce from defendant on December 28, 1973. The decree of divorce incorporated a stipulation between the parties entered into on the advice of counsel that plaintiff should have custody of the two boys, ages 8 and 7 at the time, during the months that they are in school, with defendant to have custody during the summer vacation. Visitation rights were also provided for.

Following the divorce, defendant married the man she had been seeing prior to her divorce from plaintiff and moved to Storm Lake, Iowa, with him where she remained until September of 1974, when she left her second husband and returned to Sioux Falls and enrolled as a student at Sioux Falls College and obtained employment as a desk clerk at a local motel. At the time of the hearing in the instant matter she was awaiting a divorce.

Plaintiff is employed as a display manager at a local retail store in Sioux Falls. He acknowledged that a woman had been living with him and his two sons for some time. We were advised in the briefs and at oral argument that plaintiff married this woman in September of 1975.

Although defendant contended that the boys were not well cared for by plaintiff in that their clothing was frequently unclean, undersized, and torn, and that their personal appearance indicated neglect and lack of proper care, there was evidence introduced that tended to negate these allegations. For example, the principal of the school that the boys attend testified that the boys are satisfactorily attired, have a satisfactory personal appearance, have adjusted quite well and are making very satisfac-

tory progress in school. With respect to plaintiff's personal relationship with his live-in female companion, however illicit that relationship may have been by conventional standards it has ripened into a formalized marriage. Moreover, similar conduct has been held not to be a bar to a determination that a mother is a fit person to have custody of minor children, Wiesner v. Wiesner, 80 S.D. 114, 119 N.W.2d 920, and we know of no reason why a father should be held to a higher standard of personal conduct.

There is no question but that defendant cares for and is concerned about the children. Pursuant to her visitation rights she has had the boys in her home on weekends and during vacations and sees them after school on days that she is not at work. She buys clothing for them frequently and has taken them swimming, roller-skating, ice-skating and the like. The trial court concluded, however, that it would be detrimental to the best interests of the children to grant custody to defendant. After reviewing the record in the light of our decision in Masek v. Masek, 90 S.D. 1, 237 N.W.2d 432, we are persuaded that the trial court did not abuse its discretion in denying defendant's petition for change of custody. Defendant may not now question the correctness of the original custody disposition, and she has failed to meet the burden of proving that a substantial and material change of circumstances has occurred since the decree of divorce was entered and that the welfare and best interests of the children require a modification of the custody portion of the divorce decree.

The order appealed from is affirmed.

DUNN, C. J., and WINANS and COLER, JJ., concur.

ZASTROW, J., not having been a member of the Court at the time this case was orally argued, did not participate.