**Glenn E. RIVERS, Appellant,**

v.

**Faith Eileen RIVERS, Appellee.**

**No. 13634.**

Supreme Court of South Dakota.

Submitted on Briefs March 25, 1982.

Decided Aug. 11, 1982.

Charles L. Dorothy of Dorothy, Craig, Palmer & Harris, Sioux Falls, for appellant.

Thomas H. Muilenburg, Sioux Falls, for appellee.

FOSHEIM, Justice.

This is an appeal from a judgment modifying the visitation provisions of a stipulation and agreement incorporated into a judgment and decree of divorce. We affirm.

Glenn (appellant) and Faith (appellee) Rivers were divorced on December 23, 1980. The stipulation which was incorporated into the divorce decree gave appellee "the sole

care, custody and control" of the parties' two daughters (ages 8 and 3) subject to appellant's visitation rights. The visitation rights included appellant's "right to have the children accompany him from Defendant's place of residence every other weekend from 8:00 o'clock a. m. Saturday until 8:00 o'clock p. m. on Sunday."

Three months after the divorce, appellee filed an affidavit asking the court to preclude overnight visitation because appellant started living with a woman to whom he was not married. Appellee claimed that appellant's change in lifestyle was causing his eldest daughter considerable problems because it conflicted with the strong religious convictions that appellant and appellee had instilled in her. Appellee indicated that "this particular lifestyle as witnessed by the children is not in their best interests and is not morally sound."

Appellant testified that his daughters did not express any concern over the propriety of his lifestyle. His eldest daughter did ask whether he was married to the woman he lived with, but he attributed the question to normal eight-year-old curiosity. He indicated that he and appellee do have considerable religious differences regarding the manner of raising children and living life.

The trial judge concluded that the decree of divorce should be modified "so as to prevent overnight visitation of the children with the father any night he allows [the woman], to whom he is not married to spend the night with him." The court found that April, the eldest daughter, had been encouraged to "participate in a sound religious upbringing" and that her father's behavior confused her to the extent that she could not reconcile it with the standards previously instilled in her. The court found and concluded that

... as the parent granted the sole custody of the minor children, Defendant is primarily responsible for the temporal and moral upbringing of the children; that the lifestyle of the Plaintiff in the

particulars aforementioned, is a bad example for the children and undermines the moral standards previously learned by the children and currently practiced in the custodial home.

The issue on appeal is whether the trial court properly modified the visitation provisions of the divorce decree by precluding overnight visitation.

Visitation rights can be modified without showing a material change of circumstances of the parties when custodial rights would not thereby be prejudiced. *Blare v. Blare,* 302 N.W.2d 787 (S.D.1981). In this case, the modification of visitation was reasonable in light of the family religious background and the effect appellant's lifestyle was having on his eldest daughter.[*]

The judgment is affirmed.

DUNN and MORGAN, JJ., concur.

WOLLMAN, C. J., and HENDERSON, J., concur in result.

HENDERSON, Justice (concurs in result).

As visitation rights are only at issue, and not custodial rights, I would stand by the precedent of this Court as enunciated in *Blare v. Blare,* cited in the majority, and *Hershey v. Hershey,* 85 S.D. 85, 177 N.W.2d 267 (1970). However, I believe the trial court's decision to be harsh in view of the fact that appellant is committing no crime such as adultery (our Legislature abolished adultery as a crime, 1976 S.D.Sess.L. ch. 158, § 22–8) nor engaged in criminal conversation (nonexistent tort, *see Hunt v. Hunt,* 309 N.W.2d 818 (S.D.1981)). Further, the showing of an adverse demonstrable effect on the two children is assumed and woefully weak. It appears to be subjective in the mind of the mother and the trial court. Thus, I concur in the results based on stare decisis as I cannot join in the moral judgmental overtones of this opinion. This

[*] In child custody cases we have noted that the harmful effect of parental misconduct committed in the presence of a child old enough to see and recognize it is self-evident. See *Spaulding v. Spaulding,* 278 N.W.2d 639 (S.D.1979).

case, factually, does not begin to approach the circumstances in *Spaulding v. Spaulding*, cited by the majority. In *Spaulding*, the mother openly and notoriously carried on an adulterous affair in the presence of two young boys. Such is not the case here.

In *Krueger v. Stevens*, 90 S.D. 641, 244 N.W.2d 763 (1976), this Court held that the mere fact that a divorced father having custody of his two children chose to live with a woman to whom he was not married did not give rise to circumstances which could deny him custody rights. I hew to that decision and I point out that it was a custody, not visitation, dispute.

I am authorized to state that Chief Justice WOLLMAN joins in this concurrence in result.