HOWELLS, Respondent v. HOWELLS, Appellant

(113 N.W.2d 533)

(File No. 9924. Opinion filed February 28, 1962)

**Keith B. Anderson,** Huron, for Defendant and Appellant.

**Temmey & Luby,** Huron, for Plaintiff and Respondent.

RENTTO, P.J. The basic question on this appeal is whether the trial court's award to the mother of the custody of three children of tender years was proper. We hold it was not.

Plaintiff and defendant were married at Charleston, West Virginia, on January 31, 1952. Their first child, a boy, was born on December 1, 1953; the second, also a boy, on September 26, 1955 and the third, a girl, on September 5, 1956. They lived in Virginia and Pennsylvania until July 27, 1959 when they moved with their children to Huron, South Dakota. During their residence in Virginia and Penn-

sylvania they had marital difficulties but these did not result in separation or litigation. In this respect the situation changed during their residence in South Dakota.

After being in the state less than a year, the usual requirement of residence for a divorce, plaintiff commenced this action against defendant on February 26, 1960, alleging extreme cruelty, apparently availing herself of the six months' residence requirement which is sufficient in those instances provided for in the last paragraph of SDC 14.0720. She requested a divorce, custody of the children and support for them and herself. On the institution of the suit he was compelled to move out of their home. Subsequently an order was entered giving plaintiff temporary possession of their home and custody of the children. Defendant was permitted to visit them and ordered to pay $180 a month for the support of plaintiff and the children, and $150 as costs and attorneys fees. Defendant answered denying her cause of action and counterclaimed for a divorce based on her extreme cruelty toward him and asked for custody of the children, alleging she was unfit to have their care and control.

With this action pending and untried, plaintiff on July 25, 1960 left the state with the children and went to Bethlehem, Pennsylvania. Before leaving and without consulting defendant, she disposed of their furniture which defendant asserts was worth $2,000, for $140. On stipulation of counsel trial of this matter was begun on September 30, 1960. Plaintiff did not appear nor was any evidence submitted in support of her cause of action, but her counsel was present and participated in the proceedings. In support of his counterclaim defendant testified as did a former neighbor of plaintiff and a young lady who had been with her on numerous occasions in her home and on visits elsewhere.

The judgment entered herein on October 31, 1960, dismissed plaintiff's complaint and awarded defendant a divorce and gave custody of the children to plaintiff, reserving to defendant certain visitation privileges. He was

ordered to pay $15 a month for the support of each child while they were out of the state, which sum was increased to $35 during such times as they were in South Dakota. She was awarded the furniture and he got the remaining property consisting mainly of a doubtful equity in their home in Huron, which they were buying under a contract for deed. He appeals from the portions of the judgment concerning custody, support and the property division, contending that in these areas the trial court abused its discretion.

The substance of defendant's testimony is that plaintiff was nervous and irritable; that she was subject to attacks of temper and rage during which she abused the children physically; that she used vulgar and obscene language toward defendant in the presence of the children; that she was careless and indifferent as a housekeeper and mother; that she permitted the children to be unclean and inadequately clothed and did not prepare for them adequate or proper food; that she failed to supervise them or give them proper attention; that she often absented herself from the home, sometimes overnight, and that on many of these occasions she was in the company of other men, some of whom had criminal records, and several of whom she improperly entertained in her home; that the children grew to have an impulsive fear of their mother and wanted to be with him.

The testimony of the other witnesses, all of which stands undisputed in this record, supports and details the basis for these complaints. In addition, letters written by plaintiff in October 1959 are in evidence showing that she was even then frequently associating with other men and already planning to return to Bethlehem, Pennsylvania, the following summer where she wanted to see again a man whom she had gone out with before moving to South Dakota and whom she still professed to love. Neither of the two witnesses for defendant appear to have any interest in the question at issue. While some of the happenings about which they testified are rather shocking

their statements are not grossly improbable. Consequently their testimony may not be disregarded. Crilly v. Morris, 70 S.D. 584, 19 N.W.2d 836.

That the trial judge did not disbelieve their testimony is apparent from the findings which he announced at the conclusion of the trial. At that time he said:

> "The Court further finds that the plaintiff has been guilty of extreme cruelty toward the defendant; such cruelty consisting of the plaintiff using profane and abusive language toward the defendant; quarreling with the defendant; showing irritability with the defendant, and displaying a lack of affection for him.

> "The Court further finds that such extreme cruelty consisted further of her association with a number of men other than her husband; such association including being with such men in bars, nightclubs and dance halls, entertaining such men in her home alone in the absence of her husband, and being with men other than her husband alone in parked automobiles, all constituting a course of extreme cruelty.

> "The Court further finds that insofar as the children are concerned, that the plaintiff has failed to keep the highest standards of cleanliness insofar as the children's clothing and the house are concerned, and that she has shown neglect of the clothing of the children, and at times has shown a lack of supervision of the clothing which was worn by the children.

> "This Court does not make any finding that the plaintiff is unfit to have custody of the children, or that she is lacking in natural affection or love for these children. In this regard, the plaintiff is the mother of these children and the children are of tender years, and she is the mother who was chosen by this defendant to be the mother of

his children, and while she has certainly shown that she has been lacking at times in good judgment, that her moral standards might not be all that might be desired, this Court is of the opinion that there has not been a sufficient showing to take the custody of these children from her."

These sentiments were incorporated in his written findings and conclusions. From them it is also apparent that his determination as to custody was influenced by our statute which codifies the rule that when children are of tender years the mother's custody is to be preferred.

■ ■ The rule mentioned is a part of SDC 14.0505 concerning claims of parents to their children, and provides as follows:

"As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

It is to be noted that this section does not give the mother the absolute right to the custody of a child of tender years. The preference accorded her by this provision is qualified by the phrase "but, other things being equal". Scott v. Barnes, 118 Cal. App.2d 271, 257 P.2d 700. It is for the trial court to find whether the other things are equal and in this determination it must give primary consideration to the best interest of the child. Lawrence v. Lawrence, 165 Cal.App.2d 789, 332 P.2d 305. Necessarily the court must be allowed a wide latitude in the exercise of its discretion and we will not disturb its conclusion unless it clearly appears that such discretion was abused.

■ In this case we are persuaded that the trial court abused the discretion with which it is vested. Her acts and conduct as established by undisputed evidence are "such as should deny her claim of the custody of these

children". Hines v. Hines, 78 S.D. 464, 104 N.W.2d 375. We are satisfied that the best interests of these children will be served by giving them into their father's custody.

It is undisputed in this record that he is a man of good character and habits, who neither drinks nor smokes. Apparently he has made all the payments required of him by the judgment and by the previous order to the time of her departure from the state. He wants to have the children and they seem to enjoy being with him. He is 31 years of age and steadily employed as a geologist by the U.S. Geological Survey, receiving a gross annual salary of about $6200. The record does not reveal her age but it does show she quit school during her second year in high school, and is licensed as a practical nurse.

In June 1951 defendant was awarded a Bachelor of Science degree in mining engineering by Lehigh University. During 1952 and 1953 he was in military service. The same institution in June 1959 conferred on him a Master of Science degree in geology. To get this he attended the university from 1956 to his graduation during which time he worked a full shift for the Bethlehem Steel Corporation from 3 o'clock in the afternoon until 11 o'clock at night to maintain his family and pay the cost of his education. While he did not make any showing as to the home he would provide the children if their custody was given to him, neither did plaintiff. In these circumstances it is proper to indulge the assumption that this father would provide his children a suitable home.

Because of this error the portion of the judgment concerning custody must be reversed and since the provisions for child support and visitation are dependent on it, they are consequentially reversed. The other part of the judgment appealed from, awarding plaintiff their household goods, is affirmed. In the circumstances of this case the court did not abuse its discretion in giving these to her.

Under SDC 14.0728 this court has the power to revise the parts of the judgment which are reversed.

Kressly v. Kressly, 77 S.D. 143, 87 N.W.2d 601. Accordingly, the judgment of the trial court is modified to give the custody of these children to the defendant with rights of reasonable visitation reserved to the plaintiff, and the provision for child support is stricken. The trial court is directed to enter judgment in conformity herewith.

■ On April 4, 1961, the trial court on motion of plaintiff ordered defendant to pay plaintiff's attorneys $350 as costs and fees for the purpose of her defense on this appeal. No appeal was taken from it. Nevertheless defendant complains of the order and asks that it be reviewed. While SDC 1960 Supp. 33.0710 makes reviewable on an appeal from a judgment some orders entered after judgment the qualification of such review, here pertinent, is that such order must be one "involving the merits and necessarily affecting the judgment." This order is not of that kind. Williams v. Williams, 6 S.D. 284, 61 N.W. 38. Its affirmance, modification, or reversal would not in any manner affect the judgment appealed from. Consequently, we may not review it on this appeal which is from the judgment alone.

Affirmed in part and reversed in part with directions.

All the Judges concur.