WIESNER Appellant v. WIESNER, Respondent

(119 N.W.2d 920)

(File No. 10002.  Opinion filed February 26, 1963)

Rehearing denied March  29, 1963.

**Stover, Beardsley & Osheim,** Watertown, for Plaintiff and Appellant.

**Henry C. Mundt,** Sioux Falls, for Defendant and Respondent.

HANSON, P. J. In this contested divorce action the plaintiff wife appeals from a judgment awarding her husband (1) a decree of divorce on his crosscomplaint, (2) custody of their three minor children, and (3) all of the household goods and property belonging to the parties except plaintiff's personal effects. Pending appeal execution on the judgment was stayed and plaintiff was allowed to retain custody of the children.

Plaintiff is primarily concerned over the custody of her children. Our review will accordingly be largely confined to the question of whether or not the trial court abused its discretion in this regard.

The Wiesners were married on June 19, 1954. Three children were born to the union—David, Diane, and Dallas aged 6, 5, and 2 respectively. At the time of trial plaintiff was twenty-six years of age and defendant thirty. After their marriage the parties resided on a farm near Clear Lake, South Dakota, for a period of two years. Plaintiff assisted in the farmwork and chores. In the fall of 1956 defendant decided to give up farming and attend State College at Brookings. In furtherance of this plan the family moved to a small acreage on the outskirts of Brookings which was owned by defendant's parents. This property consisted of some farm buildings, a garden plot, and 20 acres of pasture.

Defendant enrolled as a student at State College on November 11, 1956. By attending two summer sessions he completed the four-year course in three and one-half years graduating with a bachelor's degree in soils and dairy at the end of the 1960 school term. While attending college plaintiff supported himself and family by utilizing the farm buildings and pasture with a small herd of dairy cattle, some chickens, and 16 head of sheep. Later on he obtained part-time employment at a service station in Brookings. In the summers he did some custom farm work and obtained other outside employment. During most of this time plaintiff, in addition to her household duties, assisted with the milking and other chores around the farm.

The Wiesner marriage continued without any evident stress or disruptive force until the summer of 1959. Defendant was then employed by a contractor in Sioux Falls and got home only on weekends. Their farm home was located a short distance from the city dump and was occasionally infested with rats. The city sent Eldon Bailey, a rat exterminator, out to help alleviate this condition. He soon found a greater interest at the Wiesner farm. Under the pretense of going to a card club plaintiff would go out with Bailey. This man was married and lived in Watertown. Plaintiff admitted going to Sioux Falls with him for dinner and the two were seen together in parked cars in the Wiesner farmyard and near the Union Building at State College. This affair continued through the fall of 1959. After a quarrel regarding Bailey, plaintiff left her family and stayed with her parents from November 1959 to February 1, 1960. When she returned defendant condoned her past conduct on condition she leave Bailey alone and act as a good wife. Both conditions were soon broken by plaintiff. After May 1, 1960 she refused to have marital relations and she did not give up Mr. Bailey.

After graduating from college defendant obtained employment with the U. S. Soil Conservation Service at Fessenden, North Dakota, at a salary of $4,675. He rented a house and the family moved in the latter part of June, 1960. The change did not improve relations between the Wiesners. Shortly after moving to North Dakota plaintiff told defendant she needed the love of Bailey and was going to do anything she could to get him.

About a month after moving to North Dakota plaintiff returned to South Dakota with the children for a visit which ripened into a permanent separation. She now lives in a rented apartment in Clear Lake and works as a nurse's aid at the Deuel County Hospital. She continues to see Mr. Bailey. Plaintiff personally takes care of the children during daytimes and has a relative employed as a babysitter while she works the night shift at the hospital.

In awarding custody of any minor child a court must be guided by what appears, from all the facts and circumstances, to be for the best interest of the child relative to its temporal,

mental, and moral welfare. The feelings and desires of the parents are subservient to this paramount consideration except as such factors may relate to the best interest of the child. Taber v. Taber, 209 Cal. 755, 290 P. 36. Likewise, no showing or finding of unfitness is necessary to enable a court to award custody to one parent or the other. It is again the welfare of the child and not the shortcomings of the respective parents which is determinative. Holsinger v. Holsinger, 44 Cal.2d 132, 279 P.2d 961. Furthermore, in making this delicate and perplexing decision courts are not engaged in a domestic disciplinary action wherein the custody of a child becomes a means of punishing the guilty or rewarding the innocent. Ashwell v. Ashwell, 135 Cal.App.2d 211, 286 P.2d 983.

The children in this case are all "of tender years" within the custodial directive contained in SDC 14.0505 as follows: "As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother * * *." The trial court has a broad discretion in matters of this nature but it is a judicial discretion, not an uncontrolled one, and its exercise must have sound and substantial basis in the testimony. Hines v. Hines, 78 S.D. 464, 104 N.W.2d 375.

In contests between parents for the custody of minor children of tender years our law favors the mother in recognition of the universal rule that, if she is a fit and proper person, there is ordinarily no substitute for her care, guidance, love, and devotion. In Pennsylvania, under the "tender years" doctrine, the custody of such children should be awarded to the mother "unless some compelling reason indicates the contrary." Commonwealth ex rel. Logue v. Logue, 194 Pa. Super. 210, 166 A.2d 60. In giving force to this rule in Minnesota it is only where it appears that custody in the mother will be detrimental to the child that a mother's care, love, and affection yield to the child's welfare. Eisel v. Eisel, Minn., 110 N.W.2d 881.

Returning to the facts in this case we are of the opinion they amply sustain the trial court's decision in so far as it grants a divorce to defendant. Plaintiff's marital misconduct was the

fundamental cause of divorce. Her allegations of cruelty were either trivial in nature or were provoked by her misconduct.

Plaintiff insists there was nothing immoral about her association with Mr. Bailey. Actually there is little direct proof to show otherwise. However, from the intensity of her feeling for this man and long duration of the affair it may be inferred the relationship was something more than a platonic friendship. But we need not decide. Her indiscreet conduct is important now only as it reflects on her present fitness to have the care and custody of her children. It does not necessarily follow that because she was an unworthy or unfit wife she is an unworthy and unfit mother. That distinction is evident here.

It must be remembered that plaintiff is, in fact, the mother of these children and has evidenced great love and affection for them. All of the children are of tender years. In the absence of some compelling reason to the contrary she is entitled to their custody and they are entitled to her care. She has temporary custody now and has had their care since birth. She strongly desires to retain custody as evidenced by this appeal. She has apparently provided a good home for the children at all times. Although defendant was deservedly critical of her as a wife he had no particular criticism of her conduct as a mother except on one occasion when the little girl's leg was broken while being put into or taken out of a training chair. After relating the instance defendant was asked, "Did she tell you how it happened?" He answered, "She said that she might have broken the little girl's leg and was feeling very bad about it and I tried to comfort her." This isolated incident hardly proves mistreatment. It merely reflects a concerned mother's natural reaction to an unfortunate accident. The record is otherwise devoid of any showing that plaintiff mistreated, neglected, or failed to properly care for the children. Nor does it appear that her affair with Mr. Bailey adversely affected her care of the children or fitness to do so.

This court recently reversed orders granting custody of minor children to the wife in Hines v. Hines, 78 S.D. 464, 104 N.W.2d 375, and Howells v. Howells, 79 S.D. 480, 113 N.W.2d 533. However, we were charitable in our statement of facts in each case. Both reflected flagrant disregard and neglect of children or a

continued course of reprehensible moral conduct which would be detrimental to the welfare of children left in such home environments. Comparable aggravated elements of maternal unfitness are not reflected here.

If defendant obtains permanent custody, he proposes to leave the children with his parents in South Dakota temporarily. His parents, however, have not expressed a willingness or desire to have the children. Later on the children would be taken to North Dakota and cared for by a hired housekeeper. Their removal out of the state would, as a practical matter, deprive plaintiff and the children's paternal and maternal grandparents of the right to reasonable visitation. Such arrangement, in our opinion, is a poor substitute for the personal care, guidance, and control of their natural mother notwithstanding her prior marital shortcomings. We, therefore, conclude it was an abuse of discretion to award custody of these minor children to the father.

Accordingly, the decision appealed from is affirmed as to the award of divorce to defendant and division of property, but reversed and remanded with instructions to award permanent custody of the children to plaintiff subject to reasonable and liberal visitation by defendant and to fix a reasonble amount of support which defendant shall pay for the support and maintenance of such children. No costs shall be taxed to either party.

All the Judges concur.