OURSLAND, Appellant v. OURSLAND, Respondent

(159 N.W.2d 922)

(File No. 10436. Opinion filed June 25, 1963)

**Robert L. Jones, Philip T. Roche, Gene E. Pruitt,** Sioux Falls, for plaintiff and appellant.

**Braithwaite, Cadwell & Braithwaite,** Sioux Falls, for defendant and respondent.

PER CURIAM.

This is an appeal by plaintiff husband in a divorce action from the portion of the judgment awarding the custody of four children of the marriage to the mother.

Plaintiff by his complaint and the defendant by cross complaint sought a divorce on the ground of cruelty. The judgment herein entered on March 17, 1967 dismissed the cross complaint, granted plaintiff a divorce and awarded defendant custody of the children with right of visitation in the plaintiff, who at the time of the entry of judgment were six, four, three and one and one-half years of age.

The sole issue on this appeal is whether the trial court abused its discretion in awarding custody of the children to the mother.

██ The law is quite clear. It is provided in SDC 14.0505(2) as follows: "As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father." The consideration paramount to all others is the welfare and the best interests of the children. The trial court has a broad discretion in awarding custody and its discretion will not be reversed on appeal unless the record presents a clear case of abuse. If the children are of tender years and the mother has demonstrated her fitness, ability and willingness to perform her maternal duties properly and the children will have equal advantages in her home, the law requires that children of tender years be with her. We need not elaborate upon the reasons that underlie the sound policy of the statute quoted.

In Wiesner v. Wiesner, 80 S.D. 114, 119 N.W.2d 920, the husband was awarded a decree of divorce on his cross complaint and the custody of three children who were of tender years. This court affirmed the trial court as to the award of a divorce, but holding that the trial court abused its discretion in awarding the father custody of the children reversed the judgment in part and remanded the cause with direction to award custody to the mother. This court concluded that where a divorced mother is otherwise fit and proper to have custody of children of tender years indiscreet conduct on her part will not necessarily prevent her from being awarded custody.

██ Under the facts and circumstances of the present case and the statement by the trial court that while there was much evidence concerning an unconventional association with a doctor, there was no evidence of that degree of indiscreet conduct which would render defendant an unfit mother. Motion of the plaintiff to reopen the case for the purpose of introducing further evidence was granted and the court heard all the evidence that plaintiff introduced or offered in rebuttal as to whether defendant had failed in her maternal duties. The parties through their counsel consented to an investigation of the living condi-

tions of the children. The court had the benefit of an investigation of such conditions by social workers in arriving at a proper appraisal of the evidence introduced. The court gave careful consideration to the claims of the parties. We hold that the court properly exercised its judicial discretion in determining what is for the best interests of the children.

Judgment affirmed.

All the Judges concur.

LUND, Circuit Judge, sitting for RENTTO, J., not participating.