**Shirley T. ISAAK, Plaintiff and Appellant,**

v.

**Jerry J. ISAAK, Defendant and Respondent.**

No. 12485.

Supreme Court of South Dakota.

Argued March 20, 1979.

Decided May 3, 1979.

John P. Blackburn, Yankton, for plaintiff and appellant.

Martin Weeks, of Bogue, Weeks & Rusch, Vermillion, for defendant and respondent.

DUNN, Justice.

This is an appeal from a judgment of the trial court granting Jerry Isaak (defendant) a divorce from Shirley Isaak (plaintiff). Plaintiff appeals from the child custody provision of the judgment. We affirm.

The parties were married on June 10, 1966, at Brookings, South Dakota. Two children were born as issue of this marriage, namely, Daniel and Lance. Their ages at the time of trial were 9 and 6½, respectively. Defendant is a mechanical engineer and is employed as manager of Westburg Fertilizer in Centerville, South Dakota. Plaintiff is a college graduate and is employed as a secretary at the University of South Dakota School of Medicine in Vermillion, South Dakota. Prior to their separation in March of 1977, the parties resided together in a home in Vermillion.

Plaintiff instituted the present divorce action against defendant on May 14, 1977. The action was heard before the trial court on March 1, 1978, and defendant was granted the divorce on his counterclaim and was also granted the care, custody and control of both of the minor children. A stay of execution of the custody award pending appeal was granted by the trial court.

Upon our review of the trial court's findings, we must give due regard to the opportunity that the trial court has to judge the credibility of the witnesses and to weigh their testimony. Accordingly, we will not set aside the trial court's findings unless they are clearly erroneous. SDCL 15–6–52(a); *Pochop v. Pochop*, 1975, S.D., 233 N.W.2d 806; *Masek v. Masek*, 1975, S.D., 228 N.W.2d 334. In fact, we will accept the evidence including any reasonable inferences which are favorable to the trial court's determination. *Schutterle v. Schutterle*, 1977, S.D., 260 N.W.2d 341. The trial court made the following finding of fact:

"XI

"The defendant is a fit and proper person to have the custody, care and control of said children, he is able to rear them and educate them properly and furnish them a home providing a suitable environment, he is and will be mindful of the welfare of the children, he is able and desirous of providing for the needs of said children, and he is able to award them warm fatherly affection and at the same time exercise reasonable discipline in their control."

Based upon the evidence in the record before us, together with the reasonable inferences therefrom, this finding cannot be set aside as being clearly erroneous.

Regarding the award of custody of minor children, the trial court must be guided by what appears, from all the facts and circumstances, to be in the best interests of the children relative to their temporal, mental, and moral welfare. SDCL 30–27–19; *Miller v. Miller*, 1976, S.D., 245 N.W.2d 501; *Masek v. Masek*, supra; *Wiesner v. Wiesner*, 1963, 80 S.D. 114, 119 N.W.2d 920. The trial court has broad discretion in awarding custody of minor children, and we will not interfere with the exercise of such discretion unless the record presents a clear case of abuse of discretion. SDCL 25–4–45; *Holforty v. Holforty*, 1978, S.D., 272 N.W.2d 810; *Kester v. Kester*, 1977, S.D., 257 N.W.2d 731; *Masek v. Masek*, supra; *Oursland v. Oursland*, 1968, 83 S.D. 382, 159 N.W.2d 922; *Wiesner v. Wiesner*, supra; *Howells v. Howells*, 1962, 79 S.D. 480, 113 N.W.2d 533.

The trial court awarded the custody of the two minor boys to defendant. Plaintiff contends that the trial court erred in not considering the young boys as children of tender years with the custodial preference accorded to the mother by SDCL 30–27–19(2). The record reflects the fact that the trial court ruled from the bench that the definition of tender years did not apply to the two young boys. This ruling does not constitute reversible error. Even if the

trial court would have found one or both of the boys to be of tender years, the custodial preference under the statute is subordinate to the discretionary power of the court in its paramount consideration of the best interests and welfare of the children. See SDCL 30–27–19(1); *Septka v. Septka*, 1963, 80 S.D. 299, 122 N.W.2d 766; *Howells v. Howells,* supra. The trial court was very deliberative in its consideration of the boys' best interest and welfare. The trial court had the benefit of the testimony of the parties and the testimony by deposition of a psychiatrist who evaluated both parties.* The parties' differing philosophies regarding discipline and caring for children were taken into consideration. Based upon the testimony and these various considerations, the trial court stated the following:

"It is going to be the judgment of this court that the custody of the two boys be granted to the defendant. And the court does this for the reason that these are two young boys, who are getting up in age. And I think that the presence of the father at this particular junction in their lives is perhaps more important than their mother's presence. Needless to say, both should be there. But the circumstances of this proceeding prevent that from happening."

█ As the trial court noted, no decision as to child custody is entirely satisfactory nor can it give the children what they actually need and have every right to expect, i. e., the love, care and protection of two loving parents. The trial court found, and the record contains substantial support for the finding, that defendant is a fit and proper person to have the care, custody and control of the two minor boys. We therefore hold that the trial court did not abuse its discretion in awarding custody of the minor children of the parties to defendant as such award appears to be in the best interests of the children regarding their temporal, mental and moral welfare.

█ Plaintiff further contends that the trial court erred in requiring plaintiff to answer the question whether she would proceed with the divorce if she knew the court was going to award custody of the children to defendant. Although the utility of such a question is marginal, we view the question in the light of plaintiff's ground for divorce, i. e., extreme cruelty. It appears that this ground was not sufficiently proved by plaintiff and that the trial court asked the question to ascertain the possibility of reconciling the differences between the parties and saving the marriage. This effort by the trial court serves to further reflect the ultimate consideration of the best interests and welfare of the children rather than to exhibit unfair prejudice to plaintiff.

The judgment of the trial court is affirmed, and the matter is remanded to the trial court with instructions to vacate the stay of execution of the custody award.

HENDERSON and FOSHEIM, JJ., concur.

WOLLMAN, C. J., and MORGAN, J., dissent.

WOLLMAN, Chief Justice (dissenting).

Because I find nothing in the record to indicate that these children are other than children of tender years, and because I find no compelling reason why plaintiff should not have custody of her children, I would reverse the decision of the trial court. *Kester v. Kester,* S.D., 257 N.W.2d 731; *Stearns v. Stearns,* 80 S.D. 443, 126 N.W.2d 124. Even if it could be said that the nine-year-old boy was not of tender years, I do not know that it could seriously be suggested that the younger boy was not. If plaintiff is entitled to custody of the younger child, perforce she should have custody of the older. Cf. *Andera v. Andera,* S.D., 277 N.W.2d 725.

---

* Plaintiff complains that the trial court failed to question the children or examine into their maturity or preference. SDCL 30–27–19(1) is permissive rather than mandatory regarding the trial court's consideration of a child's intelligent preference. The trial court stated that the children were not questioned because of the traumatic effect of requiring them to choose between two parents.

Plaintiff's arrangements for caring for the two young children were far superior to those proposed by defendant. Plaintiff, who had had custody of the children for a full year prior to the date of the divorce, fixes breakfast for the boys each morning before they are left with a thirty-one-year-old mother of three for fifteen to twenty minutes prior to their five-block walk to elementary school.

Plaintiff is apparently a sensitive person of an intellectual bent. Apparently at times the children get on her nerves, but I doubt that there are many mothers of boys this age who would not plead guilty on that count. Plaintiff's views regarding discipline may differ from that of a man's, but in the absence of any evidence to the effect that these boys are being reared under circumstances that will warp their personalities, how is it for us to say that defendant's philosophy of discipline is so inherently superior to plaintiff's that it constitutes a compelling reason to award him custody?

I would reverse the judgment of the trial court and remand the case with directions that custody be awarded to plaintiff.

MORGAN, Justice (dissenting).

Although I do not like to upset the decision of a trial judge, who has the terribly difficult task of deciding these controversies in the first instance, I would also reverse the judgment and remand the case, not because I have any doubt about the defendant's ability to properly care for the children, but rather because I think that at least the younger child is of tender years. I further think the children should not be separated as counsel agreed at oral argument. Broad visitation privileges would give defendant ample opportunity to do the things that fathers do with their sons on weekends and holidays.

I would reverse the judgment and remand.