Kenneth E. JASPER, Plaintiff
and Appellee,

v.

Sharyl I. JASPER, Defendant
and Appellant.

Nos. 14340, 14343.

Supreme Court of South Dakota.

Considered on Briefs April 16, 1984.

Decided June 27, 1984.

Linda Lea M. Viken of Finch & Viken, Rapid City, for plaintiff and appellee.

Dennis H. Hill of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for defendant and appellant.

MORGAN, Justice.

This appeal is from a divorce decree entered on July 7, 1983, by which Kenneth E. Jasper (Father) and Sharyl I. Jasper (Mother) were each granted a divorce from the other, the marital estate was divided and child custody and child support were set

out. The child custody determination is the only facet of the divorce decree questioned on this appeal. We reverse and remand that portion of the trial court's decree.

After the parents' separation, from October of 1982 until February of 1983, a period of approximately four and one-half months, the children lived with each parent half of the time. This custody dispute arose partially because of Mother's move from Rapid City, South Dakota, the family home, to Sioux Falls, South Dakota, in order to further her career. The children involved were born April 13, 1974, December 27, 1975, and April 21, 1978; they were nine, seven and one-half and five years old at the time of the trial, May 23, 1983. On February 1, 1983, the trial judge ordered Mother and Father to enroll in the court's mediation program and participate in resolution sessions designed to work out permanent custody arrangements. After three months of negotiations, the parties agreed (1) that they should receive joint legal custody, (2) that the children should reside with one parent during the school year and with the other during the summer, (3) that summer visits be arranged for the school-year custodian, (4) that the summer custodian have access to the majority of holiday time, the exact dates to be negotiated with the other parent, and (5) that the custody arrangement be reviewed six months after the decision. Negotiations broke down on the question of which parent would have custody during the school year and which would be the summer custodian. The social worker who facilitated the negotiations expressed her opinion to the trial court that the parties would cooperate with whatever decision was made.

The child custody portion of the divorce decree awarded Mother and Father joint care, custody, and control of the minor children [1] and then ordered dominant custody for Mother from June 1, 1983, through May 31, 1984, and for Father from June 1, 1984, through May 31, 1985. The parent

---

1. The trial court defined dominant custody as "the period when one parent has (physical) custody for the greater portion of the "year," ...

that period ... from June 1st to July 31st and from August 21st to May 31st."

without dominant custody for the year was awarded visitation on all legal holidays and during one weekend a month, and was awarded custody from August 1 to August 21. The trial court further ordered that dominant custody would thereafter continue to alternate on an annual basis. The trial court also ordered that upon completion of eighth grade, on August 21 preceding entrance to ninth grade, each child shall be permitted to choose which parent shall have dominant custody thereafter; the other parent to have custody from June 1 to August 21, alternate holidays during the school year, and visitation one weekend per month from that time forward.

The mother objects to the trial court's Finding of Fact XVIII and Conclusions of Law IV, V, VI and VII, dated July 7, 1983. The trial court specifically found and stated in Finding of Fact XVIII that:

It is in the best interest of the minor children to allow both parents approximately equal opportunity to impress their personalities and their ideals into the lives of the children and this is more desireable (sic) than having the children have a stable environment of living with one parent, while being with the other parent only during visitations.

The conclusions of law questioned on this appeal deal with the custody arrangement established by the trial court, and provide that:

## IV

It would be in the best interests of the minor children of the parties if the care, custody, and control of the minor children was awarded jointly to the parties with the Plaintiff exercising dominant custody for a period of one year and the Defendant exercising dominant custody for a period of one year. The year of dominant custody shall start on the 1st day of June of each and every calendar year and terminate on the 31st day of following calendar year.

## V

It would be in the best interests of the children if the party who does not have dominant custody shall be entitled to have the children during all legal holidays, during the period of August 1 to August 21, and for one additional weekend each and every month.

## VI

The Defendant shall be entitled to exercise dominant custody during the first year since the Plaintiff has had the custody since the Defendant moved to Sioux Falls.

## VII

On August 21st [preceding] each child's entry into the ninth grade that child shall have the opportunity to choose which parent they would prefer to have their dominant custody thereafter and the other parent shall be entitled to custody from June 1 to August 21 and alternate holidays during the school year and visitation one weekend per month.

We first consider the trial court's Finding of Fact XVIII, which is set out above.

Upon this court's review of the trial court's findings, due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses and to weigh their testimony, and the court's findings will not be set aside unless they are clearly erroneous. SDCL 15–6–52(a); *Spaulding v. Spaulding*, 278 N.W.2d 639 (S.D.1979); *Isaak v. Isaak*, 278 N.W.2d 445 (S.D.1979); *Holforty v. Holforty*, 272 N.W.2d 810 (S.D.1978). This court will also "accept the evidence including any reasonable inferences which are favorable to the trial court's determination." *Isaak v. Isaak*, 278 N.W.2d at 446.

*Hanks v. Hanks*, 296 N.W.2d 523, 524 (S.D. 1980).

■■■ In awarding custody of minors, the trial court must be guided by what appears from all the facts and circumstances to be in the best interests of the child's temporal, mental and moral welfare.

SDCL 30–27–19; *Flint v. Flint,* 334 N.W.2d 680, 681–82 (S.D.1983); *Matter of Ehlen,* 303 N.W.2d 808, 810 (S.D.1981); *Haskell v. Haskell,* 279 N.W.2d 903, 906 (S.D.1979); *Isaak v. Isaak,* 278 N.W.2d 445, 446 (S.D.1979); *Holforty v. Holforty,* 272 N.W.2d 810, 811 (S.D.1978). It is the trial court's duty to see that the children are protected at every turn. *Langerman v. Langerman,* 336 N.W.2d 669, 671 (S.D. 1983); *Matter of M.B.,* 288 N.W.2d 773, 775 (S.D.1980). This court has repeatedly stated that the welfare and best interests of the children are paramount to all other considerations. *Holforty, supra; Oursland v. Oursland,* 83 S.D. 382, 384, 159 N.W.2d 922 (1968). Given the focus on the children's best interest, circumstances may operate to defeat the custody preference of a parent. *Langerman, supra.* The children's welfare must be considered over the legal rights and claims of the parents. *Huckfeldt v. Huckfeldt,* 82 S.D. 344, 347, 146 N.W.2d 57, 58 (1966); *Hoaas v. Hoaas,* 75 S.D. 55, 59, 59 N.W.2d 254, 256 (1953). The parents' personal wishes and desires must yield to what the court in the discharge of its duty regards as the children's best interest. *Huckfeldt, supra; Ulver v. Ulver,* 76 S.D. 371, 373, 78 N.W.2d 830, 831–32 (1956).

 Finding of Fact XVIII appears to be more a conclusion of law than a finding in that it draws a legal conclusion regarding the children's best interest and applies the rule found at common law and in SDCL 30–27–19, that the children's best interest is determinative. Where the ultimate conclusion can be arrived at only by applying a rule of law, the result is a "conclusion of law" and not a "finding of fact." *Weltz v. Bd. of Educ. of Scotland Sch. Dist.,* 329 N.W.2d 131, 134 n. 2 (S.D.1983); *Hartpence v. Youth Forestry Camp,* 325 N.W.2d 292, 296 (S.D.1982). Whether the

ultimate fact can be arrived at only by application of a rule of law depends upon whether it is reached by natural reasoning or by the application of fixed rules of law. *Hartpence, supra.* Conclusions of law must be supported by findings of fact. *Knodel v. Bd. of Cty. Com'rs, Etc.,* 269 N.W.2d 386, 390 (S.D.1978); *Kirkeby v. Renaas,* 85 S.D. 515, 519, 186 N.W.2d 513, 516 (1971); *Hartpence, supra.* The failure to make certain findings requires reversal. *Knodel, supra.* There is no evidence in the record or the trial transcript upon which the finding, that the children's interest is best served by alternating custody, can be based.[2]

 As a conclusion, Finding of Fact XVIII is a misapplication of the law. The trial court apparently gave greater consideration to allowing the parents the opportunity to influence their children than to the children's best interests; the trial judge subordinated a stable environment for the children to the parents' interest in raising their children. This court has made it abundantly clear that frequent moves and transient life styles are not in the best interests of children and continuity, stability, and a good home environment are preferred. *Langerman, supra; Haskell, supra; Wright v. Stahl,* 73 S.D. 157, 39 N.W.2d 875, 876–77 (1949); *see also, Kolb v. Kolb,* 324 N.W.2d 279 (S.D.1982). In *Langerman,* this court stated that "frequent shifting of schools can greatly interfere with the education and proper rearing of children and [may] not be in their best interest." 336 N.W.2d at 672. The custody order appealed from in this case requires the children to rotate between Sioux Falls schools and Rapid City schools on an annual basis. Without disparaging the schools in either city, we acknowledge that the quality of the education provided by different school systems varies. The possi-

---

**2.** The trial court may have based this finding on the affidavits submitted by the children's teachers in which the teachers stated that the shared alternating custody arrangement in effect from October 1982 to February 1983 had no detrimental effects on the children. This evidence is, however, irrelevant to the situation before us

in that the previous arrangement involved alternating custody in the same city and allowed the children to attend the same schools, associate with the same friends and basically live in a stable environment with a degree of continuity regardless of which parent had custody.

bility that a child may thrive intellectually, emotionally and developmentally in one home and school situation and be uprooted and moved across the state every other year is present in this case. This possibility indicates that the trial court may not have adequately considered the children's welfare.

■ The trial court concluded, although it was stated as a finding, that "both parties can provide proper and adequate living arrangements for the children and wish to spend as much time as possible with the children," and that "[i]t is in the best interest of the minor children to allow both parents approximately equal opportunity to impress their personalities and their ideals into the lives of the children and this is more desireable (sic) than having the children have a stable environment ...." The trial court did not, however, make any findings or hear any relevant evidence on why the parents' opportunity to impress their personalities and ideals upon the children is more desirable than providing the children with a stable environment, or on why or how the parents' opportunity is in the children's best interest. In the absence of such a finding, a custody arrangement which runs counter to what this court has upheld and suggested in the past, i.e., a stable, consistent home environment, cannot be upheld.

■ This case is similar to *Wright v. Stahl, supra.* There, the trial court amended a divorce decree that allowed the parents to alternate custody every six months. The mother applied for and was awarded modification of the decree. This court upheld the modification and stated that when "[t]he child is now of school age ... [alternating custody] ... is not conducive to [the child's] best welfare and interests. It becomes necessary for the Court, therefore, at this time to award custody ... to one or the other of the parties[.]" *Id.*, 39 N.W.2d at 876. The *Wright* court said that alternating custody interferes with the education and proper rearing of the child, and those goals must be paramount to parents' rights and wishes. *Id.*

at 887. Parental rights are subservient to the children's best interest, and the trial court has a duty to choose between the two parents and award custody to one or the other for the nine school months with summer custody and visitation provided for the other party. *Id.*

■ The trial court here must resist the temptation to take the path of least resistance and award dominant custody to one or the other of the two equally deserving parents. The findings of fact do not adequately support the trial court's custody order. There was no relevant evidence, facts, or testimony presented at trial, put in issue, tried, evaluated, or determined by the trial court pertinent to alternating custody. Thus, there was no basis for the custody portion of the divorce decree. SDCL 15–6–52(a) requires the trial court to present the facts that form the basis for its conclusions of law and judgment. The purpose of SDCL 15–6–52(a) is to enable this court to examine the factual basis for the trial court's conclusions and judgments. In this case, the trial court has not demonstrated the basis for its decision, or that its order is in the children's best interest.

■ We acknowledge that the trial court is accorded broad discretionary powers in awarding the custody of minor children and this court does not interfere unless there is a clear abuse of that discretion presented in the record. *Hanks v. Hanks, supra; Spaulding v. Spaulding,* 278 N.W.2d 639 (S.D.1979); *Isaak, supra; Holforty, supra.* The trial court's discretion is not uncontrolled, however, it is a judicial discretion and its exercise must have a sound and substantial basis in the testimony. *Masek v. Masek,* 228 N.W.2d 334 (S.D. 1975). We are not to determine whether the judges of this court would have made a similar original ruling, but rather whether we think a judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion. *Id.* In light of this court's past focus on the children's best interest and our prior holdings in such cases, we find that the trial court in this case abused

its discretion in awarding alternating custody.

 The trial court ordered that:

At such time as each minor child completes the eighth grade in school and on August 21 [preceding] said child's entrance in to ninth grade, said child shall be permitted to choose which parent shall be permitted to have their dominant custody thereafter, in which event the other parent shall be entitled to custody from June 1 to August 21 and alternate holidays during the school year and visitation one weekend per month . . . .

SDCL 30–27–19 provides, in pertinent part:

In awarding the custody of a minor . . . the court or judge is to be guided by . . . .

. . . what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and *if the child be of a sufficient age* to form an intelligent preference, the court or judge *may consider* that preference in determining the question . . . . (emphasis added).

This portion of the statute is obviously permissive rather than mandatory and the trial court must use its discretion in considering the child's preference. *Isaak, supra.* The trial judge would be well within his statutory prerogative in considering a child's expressed preference in formulating his decision. *Pochop v. Pochop,* 233 N.W.2d 806 (S.D.1975). The trial court may not, however, abdicate its responsibility to determine the children's best interest by simply turning that decision over to them. The trial court must determine, as each child reaches the 21st day of August preceding his or her entry into the ninth grade, whether that particular child can form an "intelligent preference" regarding custody. If the child is capable, the trial judge may then consider that preference in awarding or modifying custody at that time.

We reverse the child custody portion of the divorce decree and remand to the trial court to reconsider child custody in conformity with this opinion.

All the Justices concur.