In the Matter of the GUARDIANSHIP
OF Andrew Paul JANKE.

Lillian Paige JANKE, Plaintiff
and Appellee,

v.

James Allen JANKE, Defendant
and Appellant.

Nos. 17870, 17921.

Supreme Court of South Dakota.

Argued Nov. 17, 1992.

Decided May 12, 1993.

Wilson M. Kleibacker of Lammers, Lammers, Kleibacker & Parent, Madison, for defendant and appellant Andrew Paul Janke, a Minor.

Richard L. Ericsson of Ericsson, Ericsson & Leibel, Madison, for defendant and appellant James A. Janke.

David R. Gienapp of Arneson, Issenhuth, Gienapp & Blair, Madison, for plaintiff and appellee Lillian (Janke) Miles.

AMUNDSON, Justice.

Andrew Paul Janke (Andrew) appeals from the circuit court's dismissal of his petition for letters of guardianship entered in Brown County, Fifth Judicial Circuit. James Allen Janke (Father) appeals from the circuit court's denial of a change in custody in Lake County, Fourth Judicial Circuit. The two appeals have been consolidated. We affirm.

## FACTS

Lillian P. Miles (Mother) and Father were married in August 1970. Andrew was born in Michigan on November 22, 1977. A second child, Laura Janke (Laura), was born in Madison, South Dakota, on February 8, 1981. The family resided in Madison, South Dakota, until 1984, when Father decided to pursue his Master's Degree in Business Administration in Madison, Wisconsin. Shortly after the family moved to Wisconsin, Mother returned to Madison, South Dakota, with Andrew and Laura and filed for divorce from Father.

A judgment and decree of divorce was signed by the court on July 11, 1986. The trial court awarded custody of both Andrew and Laura to Mother. Father appealed the trial court's decision, but this court dismissed the appeal without decision. Father brought numerous subsequent petitions to the circuit court regarding custody and visitation. In addition, Father unsuccessfully appealed child support determinations made following the revision of child support guidelines to this court. *Janke v. Janke*, 467 N.W.2d 494 (S.D.1991).

Following the parents' divorce, Mother and Father both resided in Madison, South Dakota. As a result of Mother and Father living in close proximity, Andrew and Laura were allowed to have substantial contact with both parents on an almost daily basis.

During the summer of 1991, Mother secured employment advancement through employment with the Aberdeen School District. When Father learned that Mother, Andrew, and Laura would be moving to Aberdeen, he again petitioned the court for a change in custody. A full custody hearing was held in August 1991. Although the court found the move to be a substantial change in circumstances, the court held that it was in the continued best interests of the children to remain in Mother's custody.

In December, 1991, shortly after his fourteenth birthday and the move to Aberdeen, Andrew filed a petition for guardianship in Brown County naming Father as guardian. SDCL 30–27–20. Judge Dobberpuhl determined that a full remedy of law had been available and exercised by Andrew and Father at the August change of custody hearing. Furthermore, Judge Dobberpuhl found that SDCL 30–27–19 required the best interests of the child to be considered in guardianship as well as custody hearings. As a result, Judge Dobberpuhl dismissed Andrew's petition for guardianship. Andrew appeals.

Following the dismissal of Andrew's petition for guardianship, Father brought a new order to show cause and motion for change of custody and appointment of guardian in Lake County. Judge Tucker entered a memorandum decision, finding that it was not necessary or convenient to allow Andrew to appoint Father as his guardian. Likewise, Judge Tucker found that the best interests of the child controlled in appointing a guardian or awarding custody. From this decision, Father appeals.

## ISSUES

1) Whether an order of the divorce court establishing custody of fourteen-year-old minor is res judicata as to the minor's petition for letters of guardianship?

2) Whether the standard of review for a fourteen-year-old minor's petition for guardianship is the "best interests of the child" or the "suitability" of the minor's choice?

3) Whether the trial court abused its discretion by refusing to change custody from the mother to the father based on the request of a fourteen-year-old minor child of the parties to name the father as his guardian?

## ANALYSIS

We address each issue in seriatim.

### 1. *Res Judicata*

Andrew and Father first allege that the trial court erred in ruling that the custody order of the divorce court is res judicata as to Andrew's petition for guardianship. "The doctrine of res judicata serves as claim preclusion to prevent relitigation of

an issue actually litigated or which could have been properly raised and determined in a prior action." *Hogg v. Siebrecht*, 464 N.W.2d 209, 211 (S.D.1990). *See also Lewton v. McCauley*, 460 N.W.2d 728, 730 (S.D.1990); *Black Hills Jewelry Mfg. v. Felco Jewel Ind.*, 336 N.W.2d 153, 157 (S.D. 1983).

■ This court applies four factors in determining whether res judicata is applicable: (1) Whether the issue decided in the former adjudication is identical to the present issue; (2) whether there was a final judgment on the merits; (3) whether the parties in the two actions are the same or in privity; and (4) whether there was a full and fair opportunity to litigate the issues in the prior adjudication. *Raschke v. De-Graff*, 81 S.D. 291, 295, 134 N.W.2d 294, 296 (1965). *Cf. Staab v. Cameron*, 351 N.W.2d 463, 465 (S.D.1984) (applying same factors to issue of collateral estoppel).

■ The nub issue of where Andrew lives is identical in the guardianship proceeding and the custody modification action.* This issue was already decided in the custody proceeding held in August 1991. "The test is a query into whether the wrong sought to be redressed is the same in both actions." *Black Hills Jewelry*, 336 N.W.2d at 157. In both cases, Father and/or Andrew sought to change. Andrew's custody from Mother to Father. In both cases, the custody/guardianship change coincided with Mother's move to Aberdeen. In both cases, Andrew expressed a desire to remain in Madison where Father resides. "Essentially, it is the underlying facts which give rise to the cause of action that must determine the propriety or necessity of presenting a specific issue within the prior proceedings." *Lewton*, 460 N.W.2d at 731. The facts and the issues are identical in both the guardianship and custody cases.

The August 1991 custody proceeding was a final adjudication of the change of circumstances which gave rise to the proceeding being brought. Andrew alleges no subsequent change of circumstances in his petition for guardianship. A custody decree is conclusive to the parties involved as to all issues and facts unless there are proper grounds for modification. SDCL 26–5A–12. Andrew has not demonstrated a need for a change in custody that has arisen since the August 1991 hearing. The mere passage of time causing a minor to reach the age of fourteen is not a change in circumstances substantial enough to warrant a change in custody. The August 1991 adjudication was a final determination in regard to the change in circumstances caused by Mother's move to Aberdeen.

While Andrew was not a party per se in the custody proceeding, his interests were in privity with those of his parents.

> 'In deciding who are parties for the purpose of determining the conclusiveness of prior judgments, the courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment that may be rendered.'

*Black Hills Jewelry*, 336 N.W.2d at 157 (quoting *Schell v. Walker*, 305 N.W.2d 920, 922 (S.D.1981)). Andrew's interests regarding with which parent he should reside were clearly involved and represented by his parents in the custody proceeding. In addition, Andrew himself was allowed to express his choice of residence in the custody case. Andrew's interests were involved in the custody proceeding. Thus, under the established precedent of our prior holdings, he will be treated as a party for the purposes of res judicata.

Judge Tucker considered Andrew's testimony at the custody proceeding concerning

---

* Guardianship and custody are closely related. Custody is included in a guardian's statutory duties. "Every guardian appointed for the person and estate of a minor shall have the *custody*, care, and supervision of the education of the minor, until such minor arrives at the age of majority or marries." SDCL 30–28–2 (emphasis added). "Custody of children" is defined in similar terms by Black's Law Dictionary as "[t]he care, control and maintenance of a child ... awarded by a court to one of the parents as in a divorce or separation proceeding." Black's Law Dictionary 347 (5th ed. 1979).

his preference for custodial parent. " 'To allow appellants to avoid the doctrine of res judicata simply by bringing a new suit would undermine its very purpose.' " *Hogg,* 464 N.W.2d at 211 (quoting *Yaw v. Beeghly,* 109 Ill.App.3d 627, 632–33, 65 Ill. Dec. 211, 215, 440 N.E.2d 1066, 1070 (1982)). Andrew had his opportunity to tell the court with which parent he preferred to live; he cannot now relitigate that same issue by bringing it as a new cause of action.

We thus conclude that res judicata bars Andrew from bringing a guardianship action under the facts of this case, since these actions were precipitated by the move to Aberdeen. Father and Andrew cannot creatively circumvent the court's custody decree by pursuing an action for guardianship. The purpose of SDCL 30–27–20 and SDCL 30–27–21 is not to enable a fourteen-year-old minor already residing with one parent as the result of a custody decree to suddenly dictate custodial decisions. Likewise, the court does not suddenly disregard the best interests of a minor when he obtains the age of fourteen. While we find Andrew's claim for guardianship is thus barred by res judicata, we nonetheless address the standard of review applicable to guardianship proceedings in order to give guidance regarding these types of claims.

## 2. Standard of Review

Andrew and Father allege that once a minor reaches the age of fourteen, the minor has the right to select his guardian notwithstanding a court decree which placed custody of the minor with a person other than his preference, subject only to the court's determination that the minor's choice is "suitable." Andrew and Father base this contention on SDCL 30–27–20 and SDCL 30–27–21.

SDCL 30–27–20 provides in pertinent part: "If [the minor] is fourteen years of age or over, he may, except as provided in § 30–27–24, nominate his own guardian who, if approved by the judge, must be appointed accordingly." The minor's selection of guardian is not automatically ap-

pointed; rather, the minor's selection must be *"approved by the judge."* SDCL 30–27–20 (emphasis added). Andrew and Father assert that such language is indicative of a "suitability" standard. We do not agree. The language of the statute merely indicates the judge must approve of the minor's choice; it does not indicate the standard by which the judge's approval is to be measured.

Likewise, SDCL 30–27–21 provides: "When a guardian has been appointed by the court for a minor under the age of fourteen years, the minor, at any time after he has attained that age, may select his own guardian, *subject to the approval of the circuit court."* (Emphasis added.) Again, the person selected as a guardian by the minor is not automatically awarded guardianship, but rather must first meet the approval of the court. Again, we find the statute merely indicates the need for the minor's choice to be approved by the court and does not indicate the standard by which that approval is granted.

The standard by which the court or judge is to determine both custody and guardianship disputes is clearly set out in SDCL 30–27–19.

In awarding the custody of a minor or *in appointing a general guardian,* the court or judge is to be guided by the following considerations:

(1) By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and if the child be of sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question;

(2) As between parents adversely claiming the custody or guardianship, neither parent shall be given preference over the other in determining custody. (Emphasis added.)

SDCL 30–27–19. Thus, the judge's approval of a minor's choice of a guardian is subject to the judge's determination of the child's best interests, just as in custody proceedings.

Once parties become involved in domestic relations disputes, the trial court is statutorily required (SDCL 25-4-45) to look after the best interests of the parties' minor children until the children reach the age of majority. A trial court vested with this duty cannot abdicate its responsibility by the mere desire of a fourteen-year-old minor to change his custodial parent. Both an action for custody and an action for guardianship require the trial court to exercise discretion in determining the best interests of the child. SDCL 30-27-19.

This court interpreted SDCL 30-27-19 in *Jasper v. Jasper*, 351 N.W.2d 114 (S.D. 1984). In *Jasper*, the custody decree allowed each child to select his custodial parent upon completion of the eighth grade. This court found that a child's preference as to his custodial parent is permissive rather than mandatory. *Id.* at 119. "The trial court may not, however, abdicate its responsibility to determine the children's best interest by simply turning that decision over to them." *Id.* We find likewise; the court does not suddenly ignore a child's best interests when the child turns fourteen and asserts his preference for a guardian. The court may consider the child's selection of a guardian, but only within the best interest parameters of SDCL 30-27-19.

### 3. Abuse of Discretion

"The trial court exercises broad discretion in awarding custody of children, and its decision will be reversed only upon a clear showing of an abuse of discretion." *Anderson v. Anderson*, 472 N.W.2d 519, 520 (S.D.1991). In reviewing the trial court's custody decree, the trial court's findings of fact will not be set aside unless clearly erroneous and due regard will be given to the trial court's ability to judge the credibility of the witnesses. *Id.*

█ After review of the record, we cannot say that the trial court abused its discretion or that its findings of fact were clearly erroneous. Judge Tucker's findings of fact note that Father "is demanding, critical, and has constantly attempted to drive a wedge between the Plaintiff [Mother] and the children, which attempt has been both emotionally and financial." This finding is clearly supported by the record which reveals that Father has made the children "economic hostages." Father purchased a separate wardrobe for the children conditioned on their not wearing it at Mother's house. In addition, Father has purchased items such as computers and musical instruments which the children were only allowed to use while in his home. The trial court's finding that this type of behavior is unacceptable and not in the best interest of the children is supported by the record in this case.

The best interests of a child require compelling reasons be submitted to the court where separation of siblings is being requested. *Schmidt v. Schmidt*, 444 N.W.2d 367, 370 (S.D.1989); *Adam v. Adam*, 436 N.W.2d 266, 268 (S.D.1989); *Mayer v. Mayer*, 397 N.W.2d 638, 642 (S.D.1986). No evidence of a compelling reason for separating Andrew and Laura is contained in this record. Andrew's desire to remain with Father in Madison where he knew people and had more material goods is not a sufficient compelling reason to separate him from his sister. The trial court did not abuse its discretion in refusing to separate these children.

Mother has appropriately filed an affidavit requesting attorney fees, costs, taxes, and disbursements associated with this appeal in the amount of $1,893.22. SDCL 15-17-38.

Both judgments appealed from are affirmed and Mother is awarded her attorney fees, taxes, costs, and disbursements of $1,893.22 from Father.

MILLER, C.J. and WUEST and SABERS, JJ., concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice (concurring in result).

Reference is made to *Moe v. Moe*, 496 N.W.2d 593 (S.D.1993) with particular emphasis on the four factors set forth therein, citing *Staab v. Cameron*, 351 N.W.2d 463, 465 (S.D.1984) and *Raschke v. DeGraff*, 81

S.D. 291, 134 N.W.2d 294 (1965), all concerning res judicata. For purposes of this appeal, the parties are identical, as we have the same parties involved in the change of custody proceedings as in the guardianship file.

However, we have a different wrinkle to consider in this case which deserves our legal attention. Nowhere in the August 1991 custody proceeding did Judge Tucker consider SDCL 30–27–20 which provides:

If the minor is under the age of fourteen years, the court may nominate and appoint his guardian. If he is fourteen years of age or over, he may, except as provided in § 30–27–24, nominate his own guardian who, if approved by the judge, must be appointed accordingly.

Appropriately, there was no reason for him to address the issue because it had not been raised. The following November, Andrew turned fourteen and asserted a right granted unto him through legislative grace. A new issue, not tried before any court, now existed. Therefore, the issue of a fourteen year old child exerting his SDCL 30–27–20 right to nominate his own guardian is not res judicata.

Furthermore, res judicata cannot be said to apply simply because a custody hearing between the same parties was already held. As the circuit courts retain the right to modify custody provisions, child support, and alimony provisions, we cannot say that these facts have rendered a final judgment. SDCL 25–4–41, 25–7A–22. Additionally, under SDCL 26–5A–12 of the Uniform Child Custody Jurisdiction Act, "... the custody decree is conclusive as to all issues of law and fact decided and as to the custody determination made *unless and until that determination is modified pursuant to law*[.]" (Emphasis added.) It is a consistent position with this Court that we are to construe statutes to their plain and ordinary meaning. *Aman v. Edmunds Central Sch. Dist.*, 494 N.W.2d 198, 199 (S.D. 1992); *Cimarron Ins. Co. v. Croyle*, 479 N.W.2d 881, 886 (S.D.1992). Because Andrew turned fourteen, our Legislature has plainly stated that he has a legal right to seek modification of his own custody. *See*

*Petition of Famous Brands, Inc.*, 347 N.W.2d 882, 885 (S.D.1984).

Ironically, the majority replies, "The mere passage of time causing a minor to reach the age of fourteen is not a change in circumstances substantial enough to warrant a change in custody." I remind this Court that a "mere passage of time" provides "circumstances substantial enough" to warrant many other changes: The right to vote, the right to drink intoxicants, and the right to stay out past curfew, to name a few. Furthermore, when the initial custody decision was handed down in September of 1991, Andrew was not old enough to drive. However, with the mere passage of two months, Andrew became eligible for a driving permit on his fourteenth birthday. SDCL 32–12–12. Andrew has a right that was not an issue at the August 1991 proceeding.

Nonetheless, Judge Tucker made the proper decision at the May 3, 1992 hearing wherein he stated:

At the time we had our last trial in August or September of 1991, the court considered the wishes of the child. The court made a specific finding that the child did wish to reside with his father. The court recognized at that time the child's age and gave great weight to the child's desires, but the court still determined that it was in the best interests of the child to reside with his mother for the reasons listed in the Findings of Fact and Conclusions of Law.

The fact that the child has reached age fourteen, that happened two months after the court's decision, does not change the court's ultimate decision as to the custody issue. Counsel presented this issue to the court based solely on the question once the child reaches age fourteen can't he select his guardian, and can't he select his custodial parent, and on that the court's answer is no. That it's still the court's decision in the best interests of the child, and the court relies upon the Findings of Fact and Conclusions of Law entered in the September decision and will deny the motion for change of custody in this proceeding.

Because no evidence other than Andrew's change in age was presented to support a change in custody, the trial court noted that nothing existed to warrant changing the recent prior decision which was rendered in the best interests of the child. As SDCL 30–27–20 requires judicial approval, the trial court must still determine the best interests of Andrew even though he has a right to request a change in custody. SDCL 30–27–19; *People in Interest of S.M.M.*, 349 N.W.2d 63 (S.D.1984). As quoted above, Judge Tucker reaffirmed this required analysis. For this reason alone, I concur.