19 F.3d 23
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Keith L. GERLACH, Sr.; Sharon K. Gerlach, Appellants,
v.
FARMERS STATE BANK; Robert Bormann; Scott Bormann; Roger
W. Damgaard; Paul J. Kern; Tom Mohnen; V. E.
Bormann, Appellees.
 No. 93-2075.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 22, 1994.
Filed: March 3, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Keith L. Gerlach and Sharon K. Gerlach, husband and wife, lost real and personal property to their former creditor, Farmers State Bank, in a prior bankruptcy proceeding. The Gerlachs then sued the Bank and three of its officers in state court, alleging that the Bank's loan documents were unenforceable and violated their civil and constitutional rights; the state court granted summary judgment against them. In this action against the Bank and those officers, another Bank employee, the Bank's attorney in the state action, and Judge Paul J. Kern, who presided over the state action, the Gerlachs again allege that the Bank's loan documents are "contracts of adhesion," and further allege that defendants have violated their constitutional rights and their rights under numerous federal statutes, including 42 U.S.C. Sec. 1983 and certain consumer credit statutes. The district court[1] granted summary judgment against the Gerlachs and they appeal pro se.
 
 
 2
 We review the district court's grant of summary judgment de novo. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989). After careful review of the record, we conclude the district court properly granted summary judgment. The Gerlachs' claim against Judge Kern is barred by the doctrine of judicial immunity. See Mireles v. Waco, 112 S. Ct. 286, 288-89 (1991) (per curiam); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991). Their remaining claims are barred by res judicata, are time-barred, or fail to state a claim under the applicable statutes and constitutional amendments. See Tolefree v. City of Kansas City, Mo., 980 F.2d 1171, 1173-74 (8th Cir. 1992) (preclusive effect of state judgments), cert. denied, 114 S. Ct. 284 (1993); Matter of Guardianship of Janke, 500 N.W.2d 207, 209 (S.D. 1993) (res judicata standards); Black Hills Jewelry Mfg. Co. v. Felco Jewel Indus., Inc., 336 N.W.2d 153, 159 (S.D. 1983) (authorizing defensive use of res judicata by new defendants); 15 U.S.C. Secs. 1640(e), 1693m(g) (limitation periods). Their procedural contentions are without merit.
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE JOHN B. JONES, Chief Judge, United States District Court for the District of South Dakota